## Buck v. Watson.

(Decided November 19, 1914.)

### Appeal From Carter Circuit Court on Motion to Reinstate an Order of Attachment.

Attachment—Quashing, Vacating Dissolution or Abandonment—Reinstatement.—Under Section 270 of the Civil Code, it is required that a copy of the record be presented to a judge of the Court of Appeals when a motion to reinstate an attachment is made, and this includes not only the pleadings, but also the evidence heard and considered by the trial court on the motion to discharge. If the evidence so heard and considered by the trial judge was oral, it should be preserved and certified as bills of exceptions in ordinary actions are required to be certified upon appeal. If the evidence so considered was by depositions, a transcript thereof should be prepared and certified as is required in equitable actions upon appeal, and unless the order discharging the attachment sufficiently identifies the depositions so considered by the trial judge, the transcript should be accompanied by a certificate of the trial judge showing that the depositions therein contained were so read and considered upon the hearing of the motion.

G. W. E. WOLFFORD for plaintiff.

THEOBALD & THEOBALD for defendant.

OPINION OF THE COURT BY JUDGE HANNAH—Overruling motion to reinstate attachment.

A motion has been made before me, a judge of the Court of Appeals, by the plaintiff in this action to reinstate an attachment granted by the clerk of the Carter

Circuit Court on February 2, 1914, which attachment, upon a motion to discharge same upon the whole case, was, on October 28th, discharged by the Carter Circuit Court, with twenty days time in which to apply for reinstatement thereof.

The plaintiff presented to be read upon the hearing of this motion a copy of the order of the Carter Circuit Court discharging the attachment, together with what are said to be the original papers in the action.

The defendant, while not expressly denying that the papers so presented are not genuine and in fact all the original papers in said action, yet he refuses to admit that they are such and objects to an inspection or consideration thereof upon this hearing. The papers so presented appear to be and doubtless are all the original papers in the action, including the depositions taken therein on all the issues raised by the pleadings; but there is nothing to show what evidence was considered by the lower court upon the hearing of the motion to discharge the attachment, nor is there any copy of any part of the record except the order discharging the attachment.

Section 270 of the Civil Code of Practice provides that a judge of the Court of Appeals, if the plaintiff has secured the right to apply therefor, may upon an inspection of a copy of the record including the evidence read upon the motion to discharge, reinstate the attachment.

Under this section of the Code, if the evidence considered on the hearing of the motion to discharge the attachment was oral, it should be certified by the circuit court in the same manner as bills of exceptions in ordinary actions upon appeal, are required to be certified. If the evidence so considered was by depositions, a transcript of said written evidence, offered and heard upon the trial of the attachment, by the circuit court, should be prepared and certified as is required in equitable actions upon appeal to the Court of Appeals, and unless the order discharging the attachment sufficiently identifies the depositions read or considered upon the hearing of the motion to discharge, the transcript should be accompanied by a certificate of the trial judge showing that the depositions contained in such transcript were so read and considered upon the hearing of the motion.

Section 270 expressly requires a copy of the record, and this includes the pleadings and the evidence as well, to be presented to a judge of the Court of Appeals for

consideration upon a motion to reinstate an attachment.

This the plaintiff failed to do. The motion therefore will have to be overruled. In considering this motion, I have called Chief Justice Hobson and Judges Carroll and Nunn in consultation with me, and they concur in the opinion.