## WOOD v. UNITED STATES.
### No. 1971.

District Court, W. D. Arkansas, Fort Smith Division.

Aug. 10, 1937.

Hill, Fitzhugh & Brizzolara, of Fort Smith, Ark., for plaintiff.

C. R. Barry, U. S. Dist. Atty., and John E. Harris, Asst. U. S. Atty., both of Fort Smith, Ark.

RAGON, District Judge.

Margaret E. Wood died on March 19, 1935, in Van Buren, Ark., leaving a will by which she disposed of her estate. After she disposed of a portion of her estate, she provided in the will that the residue thereof should be divided by her trustees into two equal parts. She then devised and bequeathed to her trustees one of the parts for the benefit of her nephew, Henry Clay Wood, to be held by the trustees for the use and benefit of said nephew until he shall have arrived at the age of 29 years, at which time she directed that her trustees deliver to him the trust fund or estate bequeathed to him, together with the income accumulated therefrom. She then provided: "(11) In the event of the death of my said nephew, Henry Clay Wood, before he shall have arrived at the age of twenty-nine years, the trust fund and accumulated income devised to him in paragraph ten of this Will, I give, devise and bequeath to my trustees, in trust for the erection and equipment of a public high school at Van Buren, Arkansas; said building to be called the Wood High School and to be constructed of stone or brick with the name cut in stone over the entrance of said building."

Harry R. Wood, named as executor in the will, made a federal estate tax return, the net amount of which was $33,596.05, and this amount was paid by Wood on January 6, 1936. The Commissioner, after having made an examination of the return by the executor, determined the total net tax to be $34,950.66, leaving a balance due the government of $1,347.99. This latter amount the Commissioner held to be due by reason of Wood having improperly made deductions in his return, on the ground that the school district of Van Buren had an interest in the estate such as would justify a credit in the tax return. The ex-

ecutor paid the amount of $1,347.99, and then on July 25, 1936, filed a claim for refund of this amount, together with interest thereon and for a refund of his proportionate part of the interest which the government charged for his failure to pay the $1,347.99 at the proper time.

The complaint alleges that many difficulties in the construction of the will and of the duties of the executor and trustees thereunder were presented and that the executor and trustees brought suit for a construction of the will in the Crawford chancery court, making all interested parties, including the school district, parties thereto. The court gave the executor instructions to ascertain the contingent interest of the Van Buren School District in one-half of the estate devised to Henry Clay Wood, and to deduct the value of such contingent interest from the estate in making his return for state inheritance taxes and the federal estate taxes. Among other parts of the court's decree was this: "The Court finds that the contingent remainderman is the School District aforesaid, which is exempt from the payment of inheritance taxes on any property devised to it. That the value of said contingent interest of the said School District shall be ascertained from the Mortality Tables, taking the difference in expectancy of the life of Henry Clay Wood at the date of the death of Margaret E. Wood and at the date of his twenty-ninth birthday, and the difference in such expectancy will represent the expectancy of the School Board coming into this property, and the proportionate value of such expectancy must be deducted from the total value of one-half interest of said Henry Clay Wood, and the remainder would represent the taxable interest of Henry Clay Wood in the devise to him."

The government filed a demurrer to the plaintiff's complaint and contends that the Van Buren School District, under the terms of the will, had no such interest in the estate as would justify a deduction under the provisions of the federal statute.

Section 303 (a) (3) of the Revenue Act of 1924 (43 Stat. 305, 306), provided that the net estate subject to estate taxes should be determined by deducting from the value of the gross estate "The amount of all bequests * * * for the use of any corporation organized and operated exclusively for * * * chari-

table * * * purposes." The question is whether the Van Buren School District has under this section any such interest in the estate as would justify a deduction for tax purposes.

The plaintiff seeks to establish the value, if any, by mortality tables. This method of establishing taxable values of contingent remainders has long been accepted by the courts. The plaintiff seeks in this case to establish the value, not upon a life expectancy, but in proportion to a life expectancy. According to the American Mortality Tables, Henry Clay Wood, at the age of 17, had an expectancy of 44.19 years. At the age of 29 his life expectancy was 36.03 years. Since this table is the one adopted by all standard insurance companies, I assume it is the one which was used by the chancery court of Crawford county. These experience tables are employed upon the theory that under the law of averages a fair adjustment can be had. Under this will, if Henry Clay Wood lives to be 29 years of age, then the school district will never have any interest. There is no question but what these mortality tables are reliable and fair in determining the value of an estate which vests at the conclusion of a life estate. But it would seem that their reliability and fairness for the purpose of establishing a life expectancy would likewise serve to refute a suggestion that a party would die before he had lived one-fourth of his life expectancy. In other words, to say that the public school would have any remainder of any value based upon the theory that he would die before he reached 29, when his life expectancy would carry him far beyond this period, is too speculative to say that its value can be thus determined.

After a careful study and thorough investigation of all the authorities, I have come to the conclusion that the two life expectancies for the ages of 17 and 29 years cannot be adopted as a rule to show any definite and certain interest in the Van Buren School District for taxable purposes.

Humes v. United States, 276 U.S. 487, 48 S.Ct. 347, 348, 72 L.Ed. 667, is relied upon by the government to sustain its position, while the plaintiff seeks to distinguish between this case and others which are relied upon to sustain his point of view. It is true in the Humes Case that much of the opinion is given over

to a discussion of the probability of a girl at the age of 15 dying without issue before she reaches 40. In that case general mortality tables were accepted, but the statistics as to the probability of marriage and issue from such marriage were rejected. Judge Brandeis in his opinion states:

"It was on such data that the petitioner sought to set a money value on the probability that this Texas girl of 15 will not marry, or if she does, will die without issue before the age of 30, or 35, or 40. Obviously, the calculation that the contingent interest of the charities was equal to 4.0909 per cent. of the residue, was mere speculation bearing the delusive appearance of accuracy. * * *

"Did Congress, in providing for the determination of the net estate taxable, intend that a deduction should be made for a contingency the actual value of which cannot be determined from any known data? Neither taxpayer, nor revenue officer—even if equipped with all the aid which the actuarial art can supply, could do more than guess at the value of this contingency."

It would be nothing but guess or speculation to attempt to place a value upon the interest of the school district based upon the probability that this 17 year old boy, with no attendant circumstances which would disclose any impairment of health or faculty of normal youth, would die before he was 29 years of age.

The case of Ithaca Trust Company v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647, is relied upon by the plaintiff to sustain his position in this case. In that case the testator devised the residue of his estate in trust for the benefit of his wife, with authority to the trustee to use from the principal any sum that may be necessary to suitably maintain her in as much comfort as she now enjoys, and after her death the property should then go to charities. One of the questions involved was whether the provision for the maintenance of the wife made the gift to charity so uncertain that the deduction of the amount of these gifts from the gross estate tax could not be allowed. Justice Holmes states in his opinion: "The principal that could be used was only so much as might be necessary to continue the comfort then enjoyed. The standard was fixed in fact and capable of being stated in definite terms of money. It was not left to the widow's discretion. The income of the estate at the death of the testator and even after debts and specific legacies had been paid was more than sufficient to maintain the widow as required. There was no uncertainty appreciably greater than the general uncertainty that attends human affairs."

The effect of this statement, it seems to me, is to say that there was a certainty that there would be a remainder after the life estate of the widow which would be of definite value. The condition which the court was called upon to determine was whether or not the estate would be sufficient to sustain the widow in the comforts which she had enjoyed at the death of the testator, and the court held that the amount of the estate and the necessities of the widow were matters which could be determined at that time and that such determination would show that at the termination of her life estate there would be a valuable interest left for charities.

In the case of the United States v. Provident Trust Company, 291 U.S. 272, 54 S.Ct. 389, 78 L.Ed. 793, the testator devised to his daughter during her natural life and upon her death to her lawful issue, and, in case of death of the daughter without issue, the residuary estate should be distributed among charitable institutions. The question of uncertainty in this case was whether or not the daughter, who was at the time of the death of the testator 50 years of age and had been in poor health and had had a serious surgical operation performed upon her, was capable of bearing a child. In substance, the court held that the indisputable presumption that a woman could have issue at any age must yield to the physical facts that an operation had been made upon this woman which rendered it impossible for her to produce a child. They accordingly held that the uncertainty for which the government contended must be eliminated and, therefore, the charitable organizations would have a valuable interest at the death of the daughter.

A case very similar is that of the City Bank Farmers' Trust Co. v. United States (C.C.A.) 74 F.(2d) 692, where the age of the beneficiary was 59. The court in these cases took into consideration the attendant circumstances surrounding the suggested uncertain conditions, and in the light of such circumstances reached their

conclusions. Now, the uncertainty in the instant case is whether or not this young man will die before he reaches 29. As before stated, there are no attendant circumstances and no statistical data to modify or lessen this uncertainty.

Under these conditions, it is the opinion of the court that the demurrer should be sustained.