**GARDINER et al. v. HASSETT.**
Civil Action No. 3158.

District Court, D. Massachusetts.
Dec. 20, 1945.

[1] Act of March 27, 1942, c. 199, Title III, § 301, 56 Stat. 177, 50 U.S.C.A.Appendix § 633.

854

Hutchins & Wheeler, John E. Rogerson, and Jay B. Angevine, all of Boston, Mass., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and A. Barr Comstock, Sp. Assts. to Atty. Gen., and Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., for defendant.

FORD, District Judge.

This is an action to recover estate taxes paid by the plaintiffs as a result of a disallowance of a deduction amounting to $90,450.64 taken in the plaintiffs' return for the alleged value of contingent charitable bequests to corporations. The deduction was claimed in accordance with the provisions of Section 303(a) (3) of the Revenue Act of 1926, as amended by the Revenue Act of 1934, Section 403(a).[1]

[1] Sec. 303. "For the purpose of the tax the value of the net estate shall be determined—

"(a) (as amended by section 403(a) of the Revenue Act of 1934) In the case of a citizen or resident of the United States, by deducting from the value of the gross estate— * * *

"(3) (as amended by section 807 of the Revenue Act of 1932 and by section 406 of the Revenue Act of 1934) The amount of all bequests, legacies,

The facts have been stipulated and they and additional findings are as follows:

Article Fifth of the will of the decedent disposes of the residue of her estate to trustees to pay the income to her niece, Mary McB. Gardiner, for life, and on her death to William Howard Gardiner for his life. Paragraph C of said Article Fifth then provides as follows:

"C. Upon the death of the last to die of myself, my said niece and said William Howard Gardiner, the trustees shall pay over the entire principal of said trust fund, free and discharged of all trusts, to my said brother, William T. Eldridge, if he is then living, or, if he is not then living, shall pay over the entire principal of said trust fund, free and discharged of all trusts, to Massachusetts charitable corporations as follows: * * *"

The trustees had no discretion with respect to payments of principal.

When the decedent died Mary McB. Gardiner was 60 years of age; the niece's husband, William H. Gardiner, was 64; and the decedent's brother, William T. Eldridge, was 84. All three survived the decedent.

It is the contention of the government that this case falls directly within the provisions of Treasury Department Regulations 80 (1937 Edition), Article 47 of which reads as follows:

"Conditional bequests.—If the transfer is dependent upon the performance of some act or the happening of some event in order to become effective, it is necessary that the performance of the act or the occurrence of the event shall have taken place before the deduction can be allowed."

The government argues that under the wording of this Article since there was no absolute *certainty* on the facts as they existed at the time of the decedent's death (the situation as of that date determining the allowance of a deduction) that the charities would receive the bequests, the deduction is not allowable. It is true in the present case that the preferred remainderman, William T. Eldridge, might have survived the life tenants but it is plain the normal life expectancy of the preferred remainderman was far less than those of the testatrix's niece and the latter's husband. The government presented some evidence, and it was not disputed, that the preferred remainderman's chances of survival involved a factor of .032215. This court is compelled to make a finding that the contingency upon which the bequests to the charities were to take effect was far more than a probability. There was a practical certainty the charities would take in the light of the facts as they appeared at the death of the testatrix.

The real problem here is to determine whether Congress in employing the language it did in Section 303(a) (3) intended, as the government contends, that a taxpayer was not entitled to a deduction if at the time of the decedent's death it appeared, as the facts existed at that point, that the charity *might* take nothing. There would appear considerable justification for such a contention, if a literal construction is given the first paragraph of Article 47.[2] There was in the present case some chance as the facts stood at the decedent's death that the named charities might not take and, argues the government, this would defeat the deduction, giving Article 47 the meaning the government contends for. In determining what construction should be put on Article 47, it should be noted there is nothing in the language of the statute (Section 303) that in terms differentiates in any way between vested and contingent bequests. Section 303(a) (3) allows a deduction of all bequests, without designating their type. Further, the law of real property is not the controlling factor in tax liability and the circumstances whether a charitable bequest is vested or contingent

devises, or transfers, * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * *." 26 U.S.C.A. Int.Rev.Acts, pages 232, 235.

[2] Article 47 as it now appears in Regulations 105, Section 81.46, is as follows:

"Sec. 81.46. Conditional bequests.—If as of the date of decedent's death the transfer to charity is dependent upon the performance of some act or the happening of a precedent event in order that it might become effective, no deduction is allowable unless the possibility that charity will not take is so remote as to be negligible. If an estate or interest has passed to or is vested in charity at the time of decedent's death and such right or interest would be defeated by the performance of some act or the happening of some event which appeared to have been highly improbable at the time of decedent's death, the deduction is allowable."

856

should not be determinative in tax liability. Cf. Helvering v. Hallock, 309 U.S. 106, 117, 118, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368. "Taxation is an intensely practical matter * * *." The Farmers Loan & Trust Co. v. Minnesota, 280 U.S. 204, 212, 50 S.Ct. 98, 100, 74 L.Ed. 371, 65 A.L.R. 1000 and tax deductions for charitable purposes are and should be favored.

■ The court stated in Meierhof v. Higgins, 2 Cir., 129 F.2d 1002, 1005, that Treasury Regulations 80, Article 44,[3] which implements Section 303(a) (3), must also be considered in determining the deductibility of bequests under Section 303(a) (3). This Article allows a deduction where a trust is created for both charitable and private purposes and the charitable bequest has a value presently ascertainable, and hence severable from the interest in favor of the private use. To allow a deduction under Section 303(a) (3) it is necessary that a highly reliable appraisal of the amount the charity will receive be available, and made, at the death of the testator. Merchants National Bank of Boston v. Commissioner, 320 U.S. 256, 261, 64 S.Ct. 108, 88 L.Ed. 35. If it is conjectural and extremely remote that the charities will vest, the bequest can hardly be said to have an ascertainable market value. Humes v. United States, 276 U.S. 487, 48 S.Ct. 347, 72 L.Ed. 667; Wood v. United States, D.C., 20 F.Supp. 197. Also, if there exists a power to invade the corpus and where the extent of the invasion cannot be fixed by reference to some readily ascertainable and reliably predictable facts, a deduction must be denied since it would be difficult to ascertain the value of such bequests. Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647; Gammons v. Hassett, 1 Cir., 121 F.2d 229; Springfield Safe Deposit & Trust Co. v. Hassett, D.C., 43 F.Supp. 401.

■ In the instant case there was far more than a reasonable certainty the chari-table bequests would vest. In fact it was extremely likely the bequests to the charities would take effect. The happening of the contingency upon which they depended was not purely conjectural or utterly uncertain as in the Humes and Wood cases, supra, a circumstance that would foreclose a present ascertainability of the value of the bequests. These cases have no bearing on the case here. Neither do the principles laid down in Merchants National Bank of Boston v. Commissioner, Gammons v. Hassett, and Springfield Safe Deposit & Trust Co. v. Hassett, supra, apply where the amount that would reach the charities was uncertain and hence not ascertainable. The present case does not fall into either of these types of cases. Here, the principal remained intact; it was safe from invasion and there was nothing so uncertain about the character of the bequests to make them unascertainable. The facts in the present case are for the most part identical with those in the Meierhof case, supra (129 F.2d at page 1006), where the court, in allowing a deduction, laid down the rule that the right to deduct in a case of this type "depends not on whether it (the bequest) is contingent or vested, but on whether it has an ascertainable market value, * * *." See United States v. Provident Trust Co., 291 U.S. 272, 286, 54 S.Ct. 389, 78 L.Ed. 793. It is clear in the light of the actuarial testimony the bequests here had an ascertainable market value.

Conclusions of Law.

It is this court's conclusion that the claimed deduction should have been allowed.

Since it is stipulated that in the event the court reached this conclusion the amount of the judgment for the plaintiffs should be in the sum of $13,375.82, it is accordingly ordered that judgment be entered for the plaintiffs in that amount with interest and costs.

---

[3] "Art. 44. Transfers for public, charitable, religious, etc., uses.— * * *
"If a trust is created for both a charitable and a private purpose, deduction may be taken of the value of the beneficial interest in favor of the former only insofar as such interest is presently ascertainable, and hence severable from the interest in favor of the private use. Article 10 indicates the principles to be applied in the computation of the present worth of deferred uses, but such computation will not be made by the Commissioner on behalf of the executor."