## Marshall's Estate.

*Wills—Legacies—Vested and contingent interests—Construction —Intention.*

1. The law leans to vested rather than to contingent estates, and the presumption is that a legacy is vested.

2. The presumption that a legacy was intended to be vested applies with far greater force where a testator is making provision for a child or grandchild than where the gift is to a stranger or to a collateral relative.

3. Where a legacy is made payable at a future time, certain to arrive, and not subject to conditions precedent, it is vested where there is a person in esse at the time of the testator's death capable of taking when the time arrives, although his interest be liable to be defeated altogether by his own death.

4. Where a testator by will created a trust fund, the income of which was to be paid to three children and a grandchild and provided "at the death of my son James......, twenty thousand dollars of the principal sum to be paid to his children, being my grandchildren, six thousand dollars to William......, six thousand dollars to Charles......, six thousand dollars to Catherine......, and two thousand dollars to the children of my said son, James, by his second marriage......"; and one of the grandsons, Charles, died during the lifetime of his father, intestate, unmarried and without issue, the legacy to Charles being vested, passed to his father, James, who was his next of kin under the intestate laws.

Argued May 8, 1918.    Appeal, No. 22, Jan.. T., 1918, by Juliette Marshall, from decree of O. C. Erie Co., May T., 1917, No. 103, dismissing petition for a citation to show cause why an executor should not pay a pecuniary legacy to petitioner, in Estate of James C. Marshall, deceased.    Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.    Reversed.

Petition for a citation.    Before ROSSITER, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the petition.    Petitioner appealed.

*Error assigned* was the decree of the court.

. *Frank Gunnison,* of *Gunnison, Fish, Gifford & Chapin,* for appellant.—A legacy will always be considered as vested rather than contingent, unless the contrary clearly appears from the will: Rosengarten v. Ashton, 228 Pa. 389; McCauley's Est., 257 Pa. 377.

*John B. Brooks,* with him *Charles H. English,* for appellee.—The legacy was contingent and did not pass to the petitioner: Grothe's Est., 237 Pa. 262; Rosengarten v. Ashton, 228 Pa. 389; Moore v. Smith, 9 Watt's 403; Kountz's Est., 213 Pa. 390; Reiff's Est., 124 Pa. 145; Seibert's App., 13 Pa. 501; Bartholomew's Est., 155 Pa. 314; Smith's Est., 226 Pa. 304; Allen's Est., 192 Pa. 170.

OPINION BY MR. CHIEF JUSTICE BROWN, July 17, 1918:

James C. Marshall, who died May 5, 1886, directed by the sixth paragraph of his will that out of his personal estate and the proceeds of the sale of his real estate there be held in trust a fund sufficient to yield an annual income of $3,960, to be paid in unequal proportions to three children and a grandchild. One of the children was a son James, and the direction of the testator was: "At the death of my son, James Marshall, twenty thousand dollars of the principal sum to be paid to his children, being my grandchildren, six thousand dollars to William J. Marshall; six thousand dollars to Charles Marshall; six thousand dollars to Catherine H. Gallagher (being children of my said son by his first marriage), and two thousand dollars to the children of my said son, James, by his second marriage, share and share alike." Charles Marshall, the grandson of the testator, named in the foregoing clause, died October 15, 1886, intestate, unmarried and without issue, leaving to survive him his father, James Marshall, as his next of kin. After the death of Charles, the father, James, assigned to his second wife, to secure to her the repayment of

money. borrowed, the $6,000 bequest to Charles, and gave her by his will all of his estate except some inconsequential gifts. James Marshall died December 30, 1915, and his widow presented her petition to the court below for a citation to the trustees holding the fund created by the sixth paragraph of the will of James C. Marshall, to show cause why they should not pay her the $6,000 bequeathed to Charles Marshall, and interest thereon from the date of the last payment of interest. This petition was dismissed, because the court below was of opinion that the legacy to Charles was contingent and did not, therefore, pass to the petitioner by the assignment or the will of her husband. The right of the appellant to have the trustees pay the $6,000 directly to her, if the legacy was vested, instead of to a personal representative of the estate of Charles Marshall, is not questioned. The sole question before the court below was, Was the legacy vested or contingent? And this is the sole question before us.

The learned president judge of the court below held that, as there was a mere direction to pay $6,000 to the grandson, Charles, the legacy was contingent, and relied upon Rosengarten v. Ashton, 228 Pa. 389, and Sternbergh's Est., 250 Pa. 167, as authorities for the dismissal of the petition. Neither of these cases is such an authority. In the first, the condition of participation in the distribution of the estate of the testator was life at the time of distribution; in the second, as the estate was to go to the survivors of a class, and the child or children of a deceased child, it was not possible to ascertain who those survivors would be until the time for distribution had arrived.

The sixth paragraph of testator's will is to be construed without reference to any other portion of it, for nothing appearing elsewhere in it is of any assistance in determining, under settled rules, what was the quality of the interest given to the grandson. The law leans to vested rather than to contingent estates, and the pre-

sumption is that a legacy is vested: Carstensen's Est., 196 Pa. 325; Tatham's Est., 250 Pa. 269; Neel's Est., 252 Pa. 394; Rau's Est., 254 Pa. 464; and "the presumption that a legacy was intended to be vested, applies with far greater force, where a testator is making provision for a child or a grandchild, than where the gift is to a stranger or to a collateral relative": Wengerd's Est., 143 Pa. 615.

Our cases are without number defining the test to be applied in determining whether a legacy is vested or contingent. Among the latest are Packer's Est., 246 Pa. 116, and McCauley's Est., 257 Pa. 377. In the latter case the rule is thus clearly stated by our Brother STEW-ART: "Where a legacy is made payable at a future time, certain to arrive, and not subject to condition precedent, it is vested where there is a person in esse at the time of the testator's death capable of taking when the time arrives, although his interest be liable to be defeated altogether by his own death." Charles Marshall was in being at the time of the death of his grandfather. The bequest to him though subject to a precedent life estate, was unconditionally payable to him at the happening of an event certain to happen—the death of his father—at which time he would have been capable of taking if living. While it would be the work of supererogation to say more to show that the bequest to the grandson, Charles, vested at the death of his grandfather, the following, which so conclusively demonstrates it, may be appropriately repeated: "As a general rule, a legacy is to be deemed vested or contingent, just as the time shall appear to be annexed to the gift, or the payment of it. If futurity is annexed to the substance of the gift, vesting is suspended; but if it appears to relate to the time of payment only, the legacy vests instantly. The point which determines the vesting is not whether time is annexed to the gift, but whether it is annexed to the substance of the gift, as a condition precedent. Where there is an antecedent absolute gift, independent of the

direction and time of payment, the legacy is vested. ......Where the fund, which is the subject of the legacy, is given to another person beneficially for life, or until the legatee arrives at a particular age, or until certain debts are paid, the legatee will take an immediate vested interest in the subject, since such bequests are in the nature of remainders......Though there be no other gift than in the direction to pay or distribute in futuro, yet if such gift or distribution appears to be postponed for the convenience of the fund or property, or where the gift is only postponed to let in some other interest, the vesting will not be deferred till the period in question. Thus where stock is bequeathed to A. for life, and after his decease to trustees, upon trust to sell and pay, and divide the proceeds to and between C. and D.; as the payment or distribution is evidently deferred until the decease of A., for the purpose of giving precedence to his life interest, the ulterior legatees take a vested interest at the decease of the testator: 1 Jarm. on Wills 764. Where the enjoyment of the gift over is postponed to accommodate the estate, or for the payment of debts, or to meet any other burden first imposed, and not chiefly on account of the character of the donee, it is regarded as a decisive circumstance in favor of immediate vesting: 2 Redf. on Wills 236, section 37......The mode or form of the bequest seems to be regarded by Vice-Chancellor Wigram as immaterial. The gift of a legacy, under the form of a direction to pay at a future time, or upon a future event, is, in his opinion, not less favorable to vesting than a simple and direct bequest of a legacy at a like future time, or upon a like event. The question is one of substance and not of form; and in all cases it is whether the testator intended it a condition precedent that the legatees should survive the time appointed by him for the payment of their legacies; and the answer to this question must be sought for out of the whole will, and not in the particular expression only in which the

gift is made: Leeming v. Sherratt, 2 Hare 14": McClure's App., 72 Pa. 414.

The decree of the court below is reversed and the petition of the appellant for a citation is reinstated, with a procedendo, all costs below and on this appeal to be paid out of the fund in the hands of the trustees.