PENNSYLVANIA CO. FOR INSURANCES ON LIVES AND GRANTING ANNUITIES et al. v. BROWN, Late Acting Collector of Internal Revenue.

No. 14882.

District Court, E. D. Pennsylvania.

July 12, 1933.

583

The Commissioner's reason for disallowing the deduction was that the residuary bequests to charities had no ascertainable value at the date of the decedent's death.

By the will the entire residuary estate was given to the executors in trust, (1) to pay certain annuities to eight designated beneficiaries during their respective lives. (2) "If either of my nieces, Emma Hilgesen or Aurora Norberg, or my nephews, Carl Norberg or Alwill Norberg should leave daughters surviving them, I give to such surviving the sum of Five thousand dollars ($5,000) each." (3) "Upon the termination of all of the foregoing trusts" to pay over the principal to certain designated charities.

It is apparent that the amount of the residuary estate which will go to charity will vary inversely with the number of daughters surviving the four named nephews and nieces, at the rate of $5,000 for each daughter. At the time of the decedent's death, September 8, 1924, the four nephews and nieces were living, and there were also five living daughters. One niece was fifty-seven years old and married; the other fifty-six years old and unmarried. The nephews were respectively fifty-one and forty-five years old, both married. All four are still living.

The assessment and payment of the tax cannot be postponed until the termination of the trusts, and therefore whether or not any deduction is allowable and, if so, how much, must be determined as of the date of the decedent's death. At that time the chances were, of course, slender that any more daughters would come into the world to reduce the bequest to the charities, and by this time they are negligible. One or more of the daughters now living may die and so increase it.

Evidence was submitted consisting of birth statistics from the Bureau of the Census for the Birth Registration Area of the United States, for the year 1924, showing, I believe, that no children were born to women over fifty-five years of age and that the chance of a man over forty-five of having a daughter is about one to thirty-two. However, the plaintiff did not contend very seriously that the court could make any findings of fact by which the amount which the charities will ultimately take could be ascertained, and it would be ludicrous to attempt to do so. Of course, in this particular case any one could make a pretty good guess at it, but, if there were twenty nephews and nieces, all young and all married, the situation would be very different. If that were the case, the charitable bequest might easily be

Benjamin O. Frick, of Philadelphia, Pa., for plaintiffs.

P. E. Miller, of Washington, D. C., and Thomas J. Curtin, Asst. U. S. Atty., and Charles D. McAvoy, U. S. Atty., both of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

In their return for inheritance tax, the executors of Theodore C. Birnbaum claimed the amount of $327,861.24 as a deduction from the gross estate, on the ground that this was the amount of a bequest to certain charities. The Commissioner of Internal Revenue disallowed the deduction and determined a deficiency in the tax which with interest was paid by the executors who brought this suit for its recovery. The case was tried to the court with a jury. At the close of the testimony, each side submitted a general point for binding instructions in its favor, thus leaving it for the court to determine both law and facts.

cut in half or more when the time for distribution arrived. I therefore find as a fact that it is impossible to ascertain the amount of the residuary bequest to charities as of the date of the decedent's death.

 The plaintiff's real contention is that, since the interest of the charities is vested (subject only to be divested or reduced upon certain contingencies), it is incumbent upon the government to show to what extent it will be reduced, and, upon failure to make such showing, the whole deduction should be allowed. Parenthetically, the plaintiff has not been quite consistent in this because he has already diminished his claim for deduction by $25,000, allowing $5,000 for each of the living daughters. The government contends that the charities have a contingent interest only, and that under Humes v. United States, 276 U. S. 487, 48 S. Ct. 347, 348, 72 L. Ed. 667, no deduction can be allowed.

There is no possible doubt that interest of the charities was vested, subject to be divested in part at least on the happening of contingencies. See Wheaton Coal Company v. Harris, 288 Pa. 294, 135 A. 637; Marshall's Estate, 262 Pa. 145, 105 A. 63; Neel's Estate, 252 Pa. 394, 97 A. 502.

It does not follow, however, that the plaintiff can claim the deduction. Questions of vested or contingent may be of the greatest importance in determining the alienability of the remainder or its liability to be subjected to claims of creditors, but we are here construing a taxing statute and determining whether or not a deduction is allowable. The deduction is of "The amount of all bequests," etc. As the court said in Humes v. United States, supra: "But the fundamental question in the case at bar is * * * what construction shall be given to a statute. Did Congress, in providing for the determination of the net estate taxable, intend that a deduction should be made for a contingency the actual value of which cannot be determined from any known data?" It happened that, in the Humes Case, the remainder was a contingent one, but the point that the court emphasized is that the controlling question is the uncertainty and unascertainability of the amount claimed, and there is just as much uncertainty of amount involved in a vested remainder subject to be divested as in one which is contingent.

The burden of proof is always upon the taxpayer claiming an exemption. Statutes allowing exemptions from taxation to charities are of course construed liberally in favor of the exemption, but that does not affect the rule that one claiming a deduction must be able to show, with reasonable certainty at least, the amount which he claims. In Ithaca Trust Company v. United States, 279 U. S. 151, 49 S. Ct. 291, 73 L. Ed. 647, while the amount by which the deduction might be diminished could not be ascertained with absolute certainty, it was possible to ascertain it with reasonable exactness.

If, as the plaintiffs contend, the vested character of the remainder controls, it can readily be seen where it would lead. For example, it is well settled in Pennsylvania that a remainder, though subject to be wholly divested by the exercise of power of appointment given the life tenant, may, none the less, be a vested remainder. Again, under a will, the birth or survival of a single child may operate to wipe out an entire remainder interest and yet not affect its character as vested. These considerations make plain the necessity of adhering closely to the policy of Humes v. United States, supra; namely, that no deduction can be allowed the amount of which cannot be ascertained at the testator's death with reasonable accuracy. This case happens to be one in which, in view of the large amount of the residuary estate, the small size of the contingent bequests and the age of the parties, the percentage of error in any guess at the amount which will go to charity is likely to be small, but the fact that such cases will arise does not call for encroachment upon the plain policy of the law.

I therefore conclude as matter of law that the deduction was properly disallowed, for the reason that the residuary bequests to charity have no ascertainable value as of the date of the decedent's death.

I affirm the defendant's points for charge that under all the law and evidence the verdict must be in favor of the defendant, and deny the plaintiff's point, allowing exceptions to the plaintiff.

I find generally for the defendant.

Judgment may be entered accordingly.