### NINTH BANK & TRUST CO. et al. v. UNITED STATES.

No. 18416.

District Court, E. D. Pennsylvania.

June 30, 1936.

Wessel, Bennett & Weiss, of Philadelphia, Pa., for plaintiff.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa.

DICKINSON, District Judge.

This case presents the problem of finding a way to do something which cannot be done. The problem is often presented. The taxing authorities are frequently called upon to cope with it. The Board of Tax Appeals have found a way to solve it. The profit or gain on a sale is to be found. Theoretically it is simple. Deduct from the selling price the cost price of what has been sold. The former is known. The latter, however, cannot be determined without the aid of some such device as that resorted to. The commodity is wheat which has been bought in different lots, at different times and at different prices, and all is stored in the same bin. What is sold is a part only of what has been thus bought. What is the cost price of the part sold? It cannot be known, but must be found. The taxing authorities find it by making use of the adage "first in, first out." This means they avail themselves of the presumption that the lot which is first sold is the lot which was first bought. The cost price of the first purchase is known and that of what has been sold can thus be found. As has been said, "the first in, first out," rule is not a rule of law or of logic but a rule of thumb. It is a presumption of fact and really a regulation of the burden of proof. What is first sold is presumed to be what was first bought. Like every fact presumption, it is not conclusive but yields to evidence, if there is any, of what the real fact is. It is a regulation of the burden of proof in the sense that the presumed fact is accepted as prima facie evidence of the real fact which can, however, be overcome by other evidence. There is a like presumption in heredity cases. One born in wedlock is presumed legitimate. This, however, yields to evidence of the non access of the husband. There is a very similar basis for a fact finding in negligence cases. The injury received is a permanent one. There is an in futuro damage in lost wages. The length of life must be found. Resort is had to the expectancy of life as evidenced by the Carlisle or American Mortality Tables. This, however, is not absolute, but the finding rests upon the evidence of which the expectancy of life is part. That element is present here. How long these life tenants will live is unknown. Their sex and age and conditions of health are known. This unknown and really unknowable fact can thus be found. No one would question the power of the fact finding tribunal to find it. The finding is not a speculative one, but is based on facts and allowable deductions therefrom, although the event of death may, and almost always will, show the found fact to be far from the real fact.

There is in the instant case another fact to be found. Will any one of these life tenants leave surviving children? The defendant confidently relies upon the adage that a woman may bear a child at any time during her life. This is asserted to be a presumption raised by law and to be conclusive, not open to contradiction nor to be overcome by evidence. The adage is at least as old as the time of Lord Coke. He phrases it as follows: "The law seeth no impossibility of issue even though both husband and wife be a hundred years old."

It is beyond doubt the statement of a presumption of fact and as such to be accepted. Why, however, should it be an exception to what is true of every other presumption of fact? No others are conclusive but all yield to evidence. They vary, it is true, in the strength of the presumption and some yield only to evidence of special strength. They all, however, yield. We have here the mentioned adage to which full credit may be given. We have here also, however, evidence to which the moral convictions of any one would yield. Part of it is the ages of the life tenants. They have respectively reached the ages of 67, 63, and 57. We know their sex and condition. They are women and unmarried. They have each experienced the physical change which females experience which betokens an inability to bear children. For whatever it may be worth, we have statistics, somewhat comparable to the Carlisle Tables compiled in much the same way, which fix the limit of childbearing age as less than that reached by the youngest of these life tenants. Would not a jury be justified in finding a verdict from this evidence and, however found, would any court be justified in refusing to give it effect? The only answer which can be made is that made by the defendant, that the presumption that any one of

these life tenants may have children is conclusive and absolute and cannot be rebutted by evidence.

We have two kinds of Law. One we know as statute law. This is an ipse dixit. Ita lex scripta est. This adage is not statute law. The other comes to us in the deliverances of our courts. This latter has been highly praised as deserving of the ecomium that it is "the perfection of reason." This means that it is the product of logical reasoning. The logic, it is true, is an artificial system of logic, such as we know as the logic of the law, but it is none the less logic. That the burden of proof in any fact inquiry, should be regulated is reasonable. That this regulation should take the form of a presumption of fact which is prima facie evidence of the fact is likewise reasonable. That such presumption should be conclusive, absolute, and irrefutable, binding us to accept as a fact what we are convinced is not a fact, is not "the perfection of reason" unless there is a policy or other reason of the law for so holding.

Without prolonging the discussion, we state the conclusion reached, which is that the presumption voiced in the referred to adage is not conclusive but may be overcome and made to conform to the real fact, by evidence.

We make the finding that none of these life tenants will at their deaths leave children to survive them.

It only remains to inquire whether this conclusion and finding is in accord with the adjudged cases. One with which it is on all fours is City Bank Farmers' Trust Co. v. U. S. (D.C.) 5 F.Supp. 871, affirmed by the Circuit Court of Appeals, 74 F.(2d) 692.

The case of the Pennsylvania Company v. Brown (D.C.) 6 F.Supp. 582, ruled by Judge Kirkpatrick, affirmed in (C.C.A.) 70 F.(2d) 269, is not in conflict with the ruling of Judge Hand.

Another case which we think gives it support is U. S. v. Provident Trust Company, 291 U.S. 272, 54 S.Ct. 389, 78 L.Ed. 793.

We say this because we see no difference in principle between the incapacity of a woman to bear children because of a surgical operation and a like incapacity resulting from natural causes.

The case of Humes v. U. S., 276 U.S. 487, 48 S.Ct. 347, 72 L.Ed. 667, is not in conflict with the finding stated.

A formal judgment may be entered in accordance with the views expressed, and formal findings of fact and conclusions of law submitted, to be incorporated herewith.