**HOAGLAND v. KAVANAGH, Collector of Internal Revenue.**

No. 1438.

District Court, E. D. Michigan, S. D.

Jan. 30, 1941.

Dykema, Jones & Wheat, of Detroit, Mich., for plaintiff.

John C. Lehr and J. Thomas Smith, both of Detroit, Mich., for defendant.

LEDERLE, District Judge.

### Findings of Fact.

1. Plaintiff, as administrator of the estate of his decedent testator, Katharine DeMille Campau, brought this action against the Collector of Internal Revenue to recover Federal estate taxes allegedly overpaid. Plaintiff claims that he is entitled to certain deductions for administrator's commissions, attorney fees and miscellaneous expenses of administration of his testator's estate in addition to those heretofore allowed by the defendant. He also claims he is entitled to a deduction of $129,625.92 as bequests to charitable organizations in determining the value of the estate for estate tax purposes.

At the request of the parties, and, as the most convenient and expeditious manner of handling this case, a separate trial under Rule 42(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, was ordered on the issue of the deduction for bequests to charitable organizations, and it was agreed that determination of deductions, if any, for administrator's commissions, attorney fees and miscellaneous administration expenses shall await the final decision on the claim based upon his right to a deduction for the charitable bequests.

2. Plaintiff's claim for refund has been properly filed insofar as the charitable bequests are concerned, and, if a definite and certain gift to charity was made by testator in her will, he is entitled to this credit.

3. Plaintiff's testator died on October 18, 1933, leaving a will, by the relevant terms of which life estates in the income of the estate were left to plaintiff, Henry W. Hoagland, and his wife, Katharine Moore Hoagland, who was testator's daughter, principal remainder upon termination of the life estates to pass to issue of testator's said daughter, or, in default of such issue, to named charitable organizations.

4. On the date of testator's death, October 18, 1933, her said daughter had no issue. If it could be established that as of that date there was no possibility that said daughter ever would have issue, the named charitable organizations would be certain to receive the bequest that would otherwise go to her issue and plaintiff would be entitled to a deduction for the present worth of the remainder interest payable at the death of the last to die of the two named life beneficiaries.

5. On October 18, 1933, testator's said daughter was 45 years of age, and had been married for 12 years to plaintiff, who was then 57 years old. In 1921 the daughter contracted pulmonary tuberculosis. After a course of treatment this disease was arrested and it remained quiescent until 1931, when it again became active in the left lung. On October 18, 1933, the left lung was entirely incapacitated. Between 1921 and 1933 she had been moderately active, but at all times was under the care of a physician. During this period, however, she was never in good health and had two serious illnesses, notwithstanding the fact that she had been given the kind of care that was indicated for her health and had lived continuously in climates best suited for her condition of health. In 1931 she had a severe attack of broncho-pneumonia, and from then until her death she was a "bed patient".

The daughter had been married once previously to her marriage to plaintiff. She had never become pregnant. Until October, 1932, her menstruation had been fairly regular as to time and somewhat less regular as to amount of flow. In October and November, 1932, she exhibited scanty menstruation. In December, 1932, she missed menstruating entirely. In January and February, 1933, her menstruation was scanty, and in March, 1933, it stopped completely and was never thereafter resumed. She had another attack of bronchopneumonia in September, 1933. On October 18, 1933, the date of testator's death,

she was seriously ill. She died on December 20, 1933, without issue.

6. Expert witnesses exceptionally well qualified in the fields of tuberculosis, gynecology and obstetrics testified on behalf of both parties as to the daughter's capacity to become pregnant as of October 18, 1933, or thereafter, and the possibility if she became pregnant for her to carry a child to viability and deliver a live and healthy baby. Both parties used substantially the same state of facts upon which to base their hypothetical questions.

7. The burden of proof was upon the plaintiff. He proved that it was extremely unlikely that the testator's daughter would ever have issue. He did not prove that it would be impossible for her to have issue. Therefore, there was no definite or certain gift to charity.

Conclusions of Law.

1. This action was properly brought and the court has jurisdiction of the parties and subject matter.

2. The law does not permit a deduction for a contingent gift to charity. In order to justify a deduction on this ground it must appear that at the date of the testator's death the gift to charity was definite and certain and not dependent upon any contingency. Humes v. United States, 276 U.S. 487, 48 S.Ct. 347, 72 L.Ed. 667; Pennsylvania Co. v. Brown, D.C., 6 F. Supp. 582; Id., 3 Cir., 70 F.2d 269. Also see: Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647; United States v. Provident Trust Co., 291 U.S. 272, 54 S.Ct. 389, 78 L.Ed. 793; City Bank Farmers' Trust Co. v. United States, 2 Cir., 74 F.2d 692, 693; Ninth Bank & Trust Co. v. United States, D.C., 15 F. Supp. 951.

3. The defendant properly refused to allow any deduction as to the value of gifts made to charitable or religious organizations in determining the value of the estate for estate tax purposes, and a judgment of no cause of action may be entered for the defendant as to this portion of the plaintiff's claim.

4. Further consideration of the remaining portion of the plaintiff's claims may await the final decision of the appellate courts on the claim here decided under Rule 42(b), if such an appeal is taken. Consideration of the allowance of costs as to this separate trial will await the final determination of the entire case.