**TURNER et al. v. HASSETT, Collector of Internal Revenue.**

**Civil Action No. 1990.**

District Court, D. Massachusetts.

June 15, 1944.

Philip J. Woodward (of Haussermann, Davison & Shattuck), of Boston, Mass., for plaintiff.

Leland T. Atherton, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Paul R. Russell, Sp. Assts. to Atty. Gen., and Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., on the the brief), for defendant.

SWEENEY, District Judge.

This action was brought for the purpose of recovering an alleged overpayment of a federal estate tax.

### Findings of Fact.

Edward Lanning died on October 30, 1937, leaving a will of which the trust herein discussed was a part. The pertinent section of the trust provided that the named beneficiaries during their lives were to take the income from the trust. Upon the death of any of the first-named beneficiaries their respective spouses were to receive the income during their lives and upon the death of the primary beneficiaries and their spouses the income of the trust was to go to any minor child or children of either of the primary beneficiaries until the youngest child became twenty-one years of age. Thereupon the trust was to terminate and the principal was to be distributed to two charitable institutions.

A deduction was claimed on the estate tax return, on account of this charitable bequest, in the amount of $92,766.48. Upon audit of the return the Commissioner reduced the claimed deduction to $29,789.66. As a result thereof the taxpayer paid a deficiency tax of $12,488.58 with interest in the amount of $1,054.52. It is for the return of this deficiency tax and interest that the plaintiff has brought this action.

In arriving at his decision as to the present value of the bequest to charity the Commissioner applied a factor which took into consideration not only the life expectancies of the primary beneficiaries and their spouses but also deferred the possible vesting of the charitable bequest for twenty-one years after the death of the last primary beneficiary. Under the provision of the trust which provided for such an eventuality the plaintiff argues against the likelihood of the primary beneficiaries ever having issue hereafter on account of their ages and has sought through the introduction of medical testimony to prove the impossibility of issue being born to any of the primary beneficiaries, they being two men and two women. I presume that the purpose of this testimony was to try to bring this case within the ruling laid down in United States v. Provident Trust Company, 291 U.S. 272, 54 S.Ct. 389, 78 L.Ed. 793, but this case cannot be governed by the Provident Trust Company case because there it is demonstrated to a certainty that issue could not be born to the designated beneficiary. In the instant case no such proof can be adduced. The probability of issue being born to these designated beneficiaries is remote, but we are not dealing in probabilities that may vary from day to day as conditions may vary.

■ A deduction for a charitable gift is allowed only if the value thereof can be definitely ascertained on the date of the testator's death. See Gammons v. Hassett, 1 Cir., 121 F.2d 229. If the plaintiff's several theories are adopted, that is, attempting to evaluate probabilities and improbabilities, it well might be that the present value of the charitable gift is not ascertainable within the meaning of the taxing statute. We cannot indulge in speculation in an attempt to value charitable bequests when the contingencies are not susceptible of accurate evaluation. See Hoagland v. Kavanagh, D.C., 36 F.Supp. 875; Humes v. United States, 276 U.S. 487, 48 S.Ct. 347, 72 L.Ed. 667.

■ This trust instrument recognizes a possibility that some of the primary beneficiaries may die leaving children under twenty-one years of age. The impossibility of such a contingency happening has not been demonstrated by the plaintiff. The Commissioner was therefore correct in including the twenty-one year period in settling upon a factor to determine the present value of the gift.

The plaintiff's alternative suggestions for changing the Government's formula do not appeal to me as reasonable. In the light of the known or ascertainable facts involved the Commissioner has used the only formula that is reasonable.

### Conclusion of Law.

From the foregoing I find that the method of ascertaining the present value of the decedent's bequests to charity was correct. The action is therefore to be dismissed.