**GRAFF et al. v. SMITH.**

**Civ. A. No. 8886.**

United States District Court
E. D. Pennsylvania.

July 24, 1951.

Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiffs.

Gerald A. Gleeson, U. S. Atty., Thomas J. Curtin, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

GANEY, District Judge.

The Commissioner of Internal Revenue has determined a deficiency in the estate

tax return of the estate of Maria S. Blakiston, deceased. Plaintiffs, executors of the estate, have paid the assessment and have filed a claim for a refund. Upon the Commissioner's disallowance of the claim, they have brought the action here involved to recover $1,727.19 plus interest. The question presented by the government's motion for summary judgment is whether the estate is entitled to a deduction under Sec. 812(d) of the Internal Revenue Code [1], pertaining to deductions for transfers for charitable uses.

The decedent left her residuary estate in trust. Her will, in pertinent part, directed the trustees to pay the net income derived therefrom to A during her lifetime. Upon A's death, B is first to receive $25,000 and then C is to be paid $10,000, provided they be living at the time; the balance, if any, including either or both of the legacies which may not be payable because of the failure of B or C to survive A was to go to a certain named charitable institution.

Neither B or C has disclaimed the share which she might receive under the will. As of April 20, 1944, the date of decedent's death, A was seventy-eight years of age, B, eighty-one, and C, sixty-five; the net value of the estate was not less than $114,115. For Federal Estate Tax purposes, the alleged values of the contingent estate which the charitable institution was to receive in the event either B or C or both do not survive A was deducted by plaintiffs as charitable transfers for the decedent's estate in the amounts of $10,438 and $1,832.45 respectively. The basis for the Commissioner's disallowance of the claim for refund was Sec. 81.46 of Treasury Regulation 105.[2]

In the action here involved, as in the claim for refund, the plaintiffs assert that the estate is entitled to deduct the amounts which they claim represents the value of the rights of the charitable institution under the will at the time of decedent's death.

As far as we are here concerned, making the assumption that the corpus of the residuary estate will not shrink below $35,000, the charitable institution will receive, under decedent's will, either the total amount of the bequests to B and C, the amount of one of them, or nothing. Its interest is subject to be defeated by the happening of the events, namely, B and C predeceasing A. Thus at the time of decedent's death, the charitable institution had but a contingent remainder [3]; and the events which will defeat its interest did not appear to have been highly improbable, or the possibility that it will not take is not so remote as to be negligible. Consequently the Commissioner was right in denying plaintiffs' claim for refund since the value of the interest of the charitable institution under the will does not constitute proper deduction under Sec. 812(d) of the Internal Revenue Code.

It is immaterial that an actual value may be placed upon the charitable institution's right to receive the money or that some one might be willing to purchase such right (i. e. market value) or insure it. Humes v. United States, 1928, 276 U.S. 487, 494, 48 S.Ct. 347, 72 L.Ed. 667; Newton Trust Co. v. Commissioner, 1 Cir., 1947, 160 F.2d 175, 180–181; Helvering v. Union Trust Co., 4 Cir., 1942, 125 F.2d 401, certiorari denied 316 U.S. 696, 62 S.Ct. 1292, 86 L.Ed. 1766. Also see: Merchant's Nat. Bank of Boston v. Commissioner, 1943, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35; Henslee v. Union Planters Nat. Bank, 1949, 335 U.S. 595, 69 S.Ct. 290, 93 L.Ed. 259.

Accordingly, the motion for summary judgment will be allowed.

---

1. 26 U.S.C. (1946 Ed.) § 812(d).

2. "Section 81.46 Conditional Bequests. If at the date of decedent's death the transfer to charity is dependent upon * * * the happening of a precedent event in order that it might become effective, no deduction is allowable unless the possibility that charity will not take is so remote as to be negligible."

3. See Appeal of Holmes, 1887, 116 Pa. 232, 9 A. 341; In re Raleigh's Estate, 1903, 206 Pa. 451, 55 A. 1119; Tiffany Real Property (3rd Ed.) Secs. 320, 322, 323. But whether an estate is vested or contingent is of little moment. Pennsylvania Company for Insurances, etc. v. Brown, D.C.E.D.Pa.1933, 6 F.Supp. 582, affirmed 3 Cir., 70 F.2d 269.