

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 13, 1962

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. WW-1493

Re: Request for an opinion
pertaining to the de-
termination of "out-
standing indebtedness
for one (1) year or
more" as that term is
used in Article 12.01,
H.B. 11, 56th Legisla-
ture, Third Called
Session, under the
facts stated.

Dear Mr. Calvert:

Your letter requesting our opinion in reference to the
captioned matter describes a specific example of one corpora-
tion's indebtedness and then you ask the following questions:

"Our problem concerns the determination of
an amount representing outstanding indebtedness
for one (1) year or more, under the provisions
of Article 12.01, House Bill No. 11, Fifty-Sixth
Legislature, Third Called Session. Under Attor-
ney General's Opinion No. V-1114, dated October
10, 1950, pertaining to a tax situation derived
from Article 7084, V.T.C.S., prior to its amend-
ment in 1949, it was concluded that all payments
should be applied to the oldest indebtedness
('first-in, first-out' rule). By applying this
rule to the subject indebtedness, the separate
proceeds received during the subject corpora-
tion's fiscal year are retired within an eleven
(11) month period. Consequently, all such in-
debtedness would be classified as 'non-taxable.'

"Since this opinion was based on a different
wording of the law, we are wondering if a new
basis is applicable for determining an amount
which represents outstanding indebtedness for one
(1) year or more. The prior law was worded to
include such indebtedness 'which have been re-
newed or extended, or refinanced.' However, the
current wording of the law includes such indebt-
edness 'whether or not such indebtedness has been

renewed or extended.'"   (Emphasis ours)

In connection with the above statement of facts, you request our opinion on the following question.

"Does the current law primarily aim at indebtedness that is perpetually refinanced by repayments and additional proceeds, thereby retaining a low level of indebtedness which represents an amount that remained outstanding for one (1) year or more?"

The 56th Legislature repealed Article 7084, Vernon's Civil Statutes, and enacted Article 12.01, Chapter 20, Title 122A, Taxation-General, Vernon's Civil Statutes, in lieu thereof. The pertinent parts of old Article 7084 and new Article 12.01 are set forth in the Appendix to this opinion.

The only difference between the language used in Article 7084 before its amendment in 1949 and at the time of its repeal and the language used in Article 12.01 was the changing of the phrase, "but which have been renewed or extended, or refinanced" to the phrase, "whether or not said indebtedness has been renewed or extended." The words "whether or not" were added and the words "or refinanced" were deleted by the 56th Legislature in the enactment of said Article 7084. The deletion of the words "or refinanced," in our opinion, would not change the meaning of the phrase in any way, as a note or other evidence of indebtedness that has been "renewed or extended" has in fact been refinanced.

Attorney General's Opinion No. V-1114 issued in 1950 pertained to a tax situation derived under said Article 7084 prior to its amendment in 1949, and the then Attorney General held therein that all payments should be applied to the oldest indebtedness under the "first-in, first-out" rule. The addition of the words "whether or not" could in no way affect the holding in Attorney General's Opinion No. V-1114.

Before the addition of the words "whether or not" as first amended in 1949, the only bonds, notes and debentures that constituted "outstanding bonds, notes and debentures" were those that bore a "maturity date of one year or more from date of issue" and those that bore a maturity date of less than one year from date of issue, but which represented indebtedness which remained outstanding for a period of one year or more from date of inception and which were renewed, extended or refinanced. After the addition of the words "whether or not" all bonds, notes and debentures constituted "outstanding bonds, notes and debentures," which bear a maturity date of one year or more from date of issue and those which bear a maturity date of less than one year from date of issue but which represent indebtedness which remains

outstanding for a period of one year or more from date of inception, irrespective of whether the indebtedness has or has not been renewed or extended.

However, we are of the opinion that under the provisions of Article 12.01 and under the submitted facts, that the "first-in, first-out" rule is not applicable. The Courts have applied the "first-in, first-out" rule only when the indebtedness was represented by two or more separate and distinct evidences of indebtedness. The "first-in, first-out" rule is not a rule of law nor of logic, but a rule of thumb. <u>Ninth Bank & Trust Co. v. U.S</u>., 15 F.Supp. 951.

Attorney General's Opinion No. V-1114 dealt with indebtedness evidenced by four notes bearing maturity dates in excess of one year from the date incurred and the problem of which of the four indebtednesses to apply future payments made under a refinancing arrangement. The transaction and the notes there involved are in no way similar to the transaction and notes presented by your request.

The unquestionable purpose of the Legislature, as evidenced by Article 7084 as amended in 1949 and present Article 12.01 was to include within the corporate capital subject to the levy of a franchise tax that borrowed capital accessible to the corporation as the result of any <u>indebtedness</u> which remains outstanding for one year or more.

The amount of taxes owing is determined by applying a tax rate to a taxable base. The taxable base is determined at a particular time, either one year from date of incorporation or at the annual closing of the corporation's books. Therefore we must look at the indebtedness owing by a corporation at a particular moment to determine the taxable base.

The statute defined taxable indebtedness in two categories:

(1)   Indebtedness which has a maturity of one year or more, and

(2)   Indebtedness which does not have a maturity date of one year or more, whether or not such indebtedness has been renewed or extended to the same or other parties but which indebtedness has been outstanding for one year or more.

There can be only one other type of indebtedness, which we call type 3:

(3)   Indebtedness which has a maturity date of less than one year and whether or not such indebtedness has been renewed or extended to the same or other parties, and which indebtedness has not been outstanding for one year or more.

Type (3) represents non-taxable indebtedness.

Examination of a corporation's franchies tax report to determine into which of the three categories a particular indebtedness may fall requires a "looking back" through the records of the corporation to determine which is the true and correct category.  If, in truth and fact, indebtedness which on its face falls in category (3) is actually indebtedness which falls in category (2) then it should be taxed accordingly. The tracing back of indebtedness to determine the application of the proceeds thereof is the only way to arrive at the proper classification or category of any indebtedness.

## SUMMARY

The Legislature in amending Article 7084a, Vernon's Civil Statutes, (the franchise tax) in 1949, and enacting Article 12.01, Title 122A, Taxation-General, merely broadened the meaning of the term "outstanding bonds, notes and debentures" so as to include those that bear a maturity date of less than one year from date of issue but which represents indebtedness which remained outstanding for a period of one year or more, even though the indebtedness has not been renewed or extended.

Under the submitted facts, the "first-in, first-out" rule is not applicable, as there was only one

note in existence upon which the payments made could be credited.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Scranton Jones
Assistant

SJ:mkh:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Iola Wilxox
John Reeves
Robert Rowland
Bob Shannon

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore

APPENDIX
Opinion No. WW-1493


Article 12.01--Taxation-General, Vernon's Civil Statutes:

". . . For the purpose of this subsection
outstanding bonds, notes and debentures shall
include all written evidences of indebtedness
which bear a maturity date of one (1) year or
more from date of issue, and all such instruments
which bear a maturity date of less than one (1)
year from date of issue which represent indebted-
ness which has remained continuously outstanding
for a period of one (1) year or more from date of
inception whether or not said indebtedness has
been renewed or extended by the issuance of other
evidences of the same indebtedness to the same or
other parties. . . ." (Emphasis added)

Article 7084, Vernon's Civil Statutes:

"(1) Except as herein provided, every domes-
tic and foreign corporation heretofore or hereaf-
ter chartered or authorized to do business in
Texas, or doing business in Texas, shall, on or
before May 1st of each year, pay in advance to
the Secretary of State a franchise tax for the
year following, based upon that proportion of the
stated capital, surplus and undivided profits,
plus the amount of outstanding bonds, notes and
debentures (outstanding bonds, notes and deben-
tures shall include all written evidences of in-
debtedness which bear a maturity date of one (1)
year or more from date of issue,) and all such
instruments which bear a maturity date of less
than one (1) year from date of issue which repre-
sent indebtedness which has remained continuously
outstanding for a period of one (1) year or more
from date of inception whether or not said in-
debtedness has been renewed or extended by the
issuance of other evidences of the same indebted-
ness to the same or other parties, . . ." (Empha-
sis added)