ELLA GORDY WILLIAMS, a widow, v. MYRA GRAY WILLIAMS, as Co-executrix of the Estate of Edmund Sydney Williams, deceased, HAROLD SYDNEY WILLIAMS, *et al.*

154 So. 835.
Division B.
Opinion Filed May 10, 1934.

*Thad H. Carlton,* for Appellant;

*E. Wright Taylor,* for Appellees.

BUFORD, J.—The appeal here is from an order dismissing a bill of complaint, the purpose of which was to procure a decree allowing the appellant to take dower in the estate of her deceased husband instead of taking under the provisions of a probated will and testament of such husband, in which will she was named as a beneficiary and also as a co-executrix, and to require an accounting from her co-executrix and attorneys employed in the proceedings relative to the probate of the will and the handling of the estate, and to impress a lien upon the estate for the reimbursement of certain moneys which she alleged that she had expended in behalf of certain legatees under the will.

The bill of complaint showed that no written notice, memorandum, or statement had been filed in the office of the county judge wherein the will was probated within one year after the probate of the will by which the widow purported to dissent from the terms of the will and to claim dower.

The bill alleges that she did indicate that she dissented from the will by stating to the county judge in his judicial capacity in the office of the county judge prior to the expiration of one year "that she (Ella Gordy Williams) as the widow of the said E. S. Williams was not satisfied with the provisions made and provided for her in said will and, therefore, dissented to the alleged will and wished to have her dower interest in lieu of the provisions made and provided for her in said will."

It is further alleged that the co-executrix refused to acknowledge the complainant's dower interest in said estate.

The bill of complaint further alleges that the attorney at law employed by her to represent her personally and to file

her signification of her dissent to the provisions of the will within the period of one year from the date of the probate of the will entered into a conspiracy with the co-executrix and attorney for the executrices of the estate to withhold her written statement signifying her dissent to the terms and provisions of the will from the office of the county judge and from the files in the proceedings so as to defraud and deprive her of her right of dower.

If the latter allegation is true, she has her action at law against the attorney for damages sustained.

We do not think that the allegations of the bill of complaint are sufficient to show that the widow did signify her dissent to the will in the manner contemplated by Section 3629, R. G. S., 5493, C. G. L., within one year after the date of the probate of the will.

The testator died on August 4th, 1930. The will was admitted to probate on the 12th day of August, 1930.

The bill of complaint was filed on the 19th day of July, 1933.

The bill of complaint does not allege such a state of facts as to show that the complainant has been misled or deceived by anyone except her attorney. It shows that she by her own conduct for a period of about three years assented to the provisions of the will by qualifying and acting as a co-executrix under the will after its probate. It shows that she knew what her legal rights in the premises were and was cognizant of the claims being presented in due course against the estate.

In Stephens, *et al.,* v. Gibbes, 14 Fla. 331, we said:

"Under this statute it is impossible that the practice prevailing in a court of equity upon the subject of election can obtain. If the effect of the failure to dissent *is in law an election to take the will,* that is an end of the matter, be-

cause a court of equity, except upon the ground of fraud, or some other like ground, cannot give a construction which will defeat the plain result of the statute. And if the effect of the law is not such an election, it has no effect at all, as the whole matter is left just as it was before.

"But let us consider this case briefly in that aspect. What is the doctrine of election? *It is not a rule of positive law, but a rule of practice in equity.* The doctrine originates thus: Election involves choice—choice involves knowledge, a knowledge both of the facts and of the law applicable to the subject matter in reference to which the choice is made. In the absence of either branch of this knowledge, as to both or either of the two subjects, it cannot as a matter of fact be said that a choice has been made between the two subjects because the mind has not really acted with reference to the two subjects as to which it should elect, but as to two other subjects which the party believes exist as the subjects in reference to which his election is to be made. A court of equity in such cases will permit the party who has thus acted in ignorance either of rights or facts, and who has thus failed to exercise his right of election, to exercise it when that knowledge is acquired, and will relieve him from an antecedent choice made."

In Serkissian v. Newman, 85 Fla. 388, 96 Sou. 378, this Court had under consideration a case involving the provisions of Section 3632, R. G. S., which is now 5496 C. G. L., which is like unto Section 3629, R. G. S., 5493, C. G. L., in that it does not provide the manner or procedure in which the election of the widow to take a child's part must manifest while the latter section does not provide the manner or procedure by which the widow may signify her dissent to the terms of her husband's will, and there the Court said:

"If she neglects for twelve months to elect a child's part, or in case of a will devising to her a certain interest, she fails to dissent from the terms of the will and take a dower interest, she is bound by her non-action and cannot afterwards claim in the one case a child's part or in the other dower. See Stephens v. Gibbes, 14 Fla. 331.

"It is not necessary for her to take any action to secure dower; the statute confers it upon her. It becomes vested in her upon the death of her husband; prior to his death it is an inchoate right, but if she desires to take a child's part in lieu of dower, she is required to take some affirmative action, and when the election is made she cannot recall it. It is a right exhausted by one exercise of it. She cannot at one time say I will take a child's part and then finding the estate insolvent, recall that election and have dower set aside. Therefore, the exercise of the right should be made by such means as will definitely and finally conclude her action. It may be a written declaration made of record in the probate office, perhaps by a deed of conveyance reciting her election, but it should not be permitted to rest in parol.

"The evidence relied upon to show that Mrs. Newman elected to take a child's part is not sufficient. It rests wholly in parol."

It is obvious that to allow the dissent to the terms of the will to be evidenced in parol would create immeasurable confusion and foster litigation, which possibilities and their resultant untoward effects were discussed by this Court in the case of Stephens; et al., v. Gibbes, supra, and need not be here repeated.

It is evident that in many instances a widow might believe that taking under the will would redound to her benefit, and might, as the widow in this case did, proceed to qualify as

executrix under the will and to function as such executrix for a period of more than a year and then (which we do not mean to intimate was a factual condition in this case), finding that because of investments not working out as was anticipated, property depreciating in value to such an extent that it would not resell for enough to realize expected profits and other changes in economic conditions occurring, conclude that she would have been in a better position had she dissented to the terms of the will and thereupon go into a court of equity alleging that she had told the county judge in his office at some time prior to the expiration of the year after the probate of the will that she was not satisfied with the terms of the will and would dissent to the same, seeking to upset and revoke all transactions in which she had participated as executrix under the will.

As was definitely held in the two cases above cited, the election must be certain and when once made it cannot be receded from. Therefore, where the election is required to be made, it should be made in a manner which will be evidenced on the record and the establishment of its existence will not depend upon the veracity of individuals.

No error is shown to have been committed by the order dismissing the amended bill of complaint. It should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.