EXCHANGE NATIONAL BANK OF WINTER HAVEN, a banking corporation; EXCHANGE NATIONAL BANK OF WINTER HAVEN as Executor and Trustee of and under the Last Will and Testament of Richard A. Smith, deceased; E. G. BROSIUS, *et ux., et al.,* v. MARY H. SMITH, a widow.

4 So. (2nd) 675
Division A
Opinion Filed November 18, 1941

474

*Wm. H. Hamilton,* for Appellants;
*Ernest Wimberly,* for Appellee.

BUFORD, J.—The appeal is from final decree in which the learned chancellor set out his findings of facts and adjudication of the issues as follows:

"The above and foregoing cause came on for hearing on this date upon the pleadings and stipulations of Counsel for the respective parties as to what facts the witnesses for the respective parties would testify to if personally present before the Court.

"The Complainant in her bills, seeks:

"(a) To have set aside and cancelled her election to take under the provisions of the Last Will and Testament of her deceased husband, in Lieu of dower—said election having been made on the 8th day of November, 1939, as shown by Exhibit 'B' attached to the Bill of Complaint; and

"(b) To have cancelled and set aside the Trust Agreement with respect to certain insurance policies

and the proceeds thereof, fully described in said Agreement, dated October 19, 1939, and attached to the Bill of Complaint as Exhibit 'C'.

"As to the first proposition, from an examination of the evidence, the record discloses unquestionably that the Complainant, Mary H. Smith, did not appreciate the effect of and understand what she was doing at the time she executed the instrument electing to take under the Will of her deceased husband. It is quite clear that the officers of the defendant bank explained to her as best they could the status of the estate and the rights of the complainant as widow, and the effect of electing to take under the Will. It is equally clear from the evidence that the Complainant, in spite of the efforts to acquaint her with the situation and the possible results, did not really comprehend or understand what she was doing, and did not appreciate what the results would be. She was not a business woman and had attended to no business matters. Consequently, it would have been practically impossible, in a conversation, to have gotten her to understand the matters explained to her so that she would have understood and appreciated what the results would be. Moreover, her husband had not been long dead, and there is no doubt that she was still considerably worried and disturbed mentally as a result. In addition, she was not accompanied by or represented by counsel and had none to represent her individually. If she had had counsel and the matters and things had been explained to her and her counsel, and she had had the advice of counsel, a different situation would exist. I am, therefore, convinced from the evidence and find that while the officials of the trust department of the Bank did all

they reasonably could to acquaint Complainant with the situation, she, nevertheless, did not understand or comprehend what she was doing, and did not realize what the result or consequences would be. Hence, I am convinced and find that the instrument executed by her purporting to elect to take under the Will is void and unenforceable, and should be cancelled, and that since she filed within the statutory period a proper election to take dower, she is entitled to a dower interest in the estate of her deceased husband, and the defendant Bank, as Executor should set aside to her a dower interest in the estate being administered by it and report to the Court for confirmation.

"As to the second question, it appears quite clear that the insured reserved the right in the policies of insurance to change the beneficiary at any time; that the complainant, as beneficiary, had no right to interfere with the making of such change; that such change was requested by the husband of the Complainant and made by the respective insurance companies prior to the death of the said insured, and there appears no evidence sufficient to warrant the Court interfering with the distribution of the proceeds of said insurance policies in accordance with said Trust Agreement.

"WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

"1. That the agreement made and entered into on the 8th day of November, A. D. 1939, by and between Mary H. Smith, *et al.,* and Exchange National Bank of Winter Haven, as Executor and Trustee of and under the Last Will and Testament of Richard A. Smith, deceased, by the terms of which the Complain-

ant, Mary H. Smith, elected to take under the Will of her said husband, Richard A. Smith, in lieu of dower in his estate, be and the same is hereby decreed null and void insofar as same attempts to bind the said Mary H. Smith to renounce her dower and take under said Will.

"2. That the defendant, Exchange National Bank of Winter Haven, as Executor of said estate, be and it is hereby ordered to set aside the dower interest of the said Mary H. Smith in the property of the estate of her deceased husband and report same to the Court for confirmation.

"3. That the Bill of Complaint insofar as it seeks to alter, change, cancel or set aside any agreement, trust or otherwise, with reference to the disposition of the proceeds of the two insurance policies, be, and the same is hereby dismissed, the Court hereby finding that said Trust Agreement is in all respects valid and binding.

"4. In view of the fact that the complainant, Mary H. Smith, had elected to take under the will, the Executor acted in good faith in refusing to assign dower except on order of the Court.

"IT IS THEREFORE ORDERED that the Executor be, and it is hereby authorized to pay all the costs of this suit and to pay its solicitor the sum of $350.00 out of said estate before setting aside dower to the complainant—said sum to be in payment for his services in defending this suit, and shall be in addition to any sums which may be allowed by the Probate Court for general services to the Executor of said estate.

"DONE AND ORDERED in Chambers at Winter Haven, Polk County, Florida, on this the 28th day of January, A. D. 1941."

The part of the adjudication which appellants seek to reverse is contained in paragraphs numbered 1 and 2, respectively, *supra*.

The evidence is conflicting but there is ample substantial testimony to support the findings of the chancellor and, therefore, the only question for us to determine is whether or not, under the facts so found to exist, the correct principles of law were applied in reaching the judgment reflected in the decree.

The controlling question is, as stated by the appellee, viz:

"When a widow of a deceased person by an instrument in writing waives her right to dower in her husband's estate and elects to take under the Will, can she thereafter repudiate such election and take dower within the time allowed by law for election if she did not have full knowledge of her rights and the status of her husband's estate and have a proper knowledge of all the circumstances and a consciousness of the effect of her act at the time she executed such an agreement?"

In the case of Tavel v. Guerin, 119 Fla. 624, 160 Sou. 665, we had under consideration a case wherein the married woman had signed her husband's will consenting to its terms during the husband's lifetime and, after the husband's death, had proceeded to take under the Will, but, before the expiration of the statutory period in which she could do so, she dissented from the Will and elected to take a child's part of the estate, tendering into court that which she had

received under the terms of the will. In that case we said:

"The second question hereinbefore quoted must also be determined adversely to the appellant because it appears from the bill of complaint, and is not controverted by the answer, that the complainant had, prior to the institution of the suit, tendered back that which she had as she alleges inadvertently received from the estate, and she made that tender good by depositing the funds so coming into her hands into the registry of the court. Here election to take a child's part and to dissent from the will was timely made under the statute. She had one year from date of the probate of the will in which to make that election. She exercised it within six months."

In that opinion we referred to numerous cases involving the question as to whether or not the widow was bound by an alleged election to take under the will. Amongst other cases cited were those of Reaves v. Garrettt's Administrator, 34 Ala. 558; Adams v. Adams, 39 Ala. 274; Owens v. Andrews, 17 N. Mex. 597, 131 Pac. 1004, 49 L.R.A. (N.S.) 1072, and notes. Therein we said:

"As pointed out in Owens v. Andrews, 17 N. M. 597, 131 P. 1004, 49 L.R.A. (N.S.) 1072, and the notes, authorities agree that to constitute an election, 'the acts and declarations relied upon must be unequivocal and must clearly evince an intention to elect and take under the will and the choice must be made by the widow, with her full knowledge of her rights and the status of the estate,' and that 'to make the enforcement of one demand, which is inconsistent with another, a final and binding election to take that and not the other, the party must either be shown to have

acted advisedly, with a proper knowledge of all the circumstances, and with a consciousness of the effect of the act relied upon, or the party adversely interested must have so changed his position in reliance upon such action that it would be inequitable to permit the party who has the choice to recede from his former action,' and that 'the principle of law precluding the revocation of an election is necessarily the doctrine of estoppel and that there can be no estoppel when there is not injury.' *In re* Moore's Estate, 62 Cal. App. 265, 216 P. 981; Dunn v. Vinyard (Tex. Com. App.) 251, S.W. 1043.

" 'If she has made an election unadvisedly, she cannot avoid her choice as long as she retains that which she has received by virtue of such election.' Adams v. Adams, *supra*.

" 'An unadvised election is upon the same basis as an election produced by fraud. It will not be of binding effect in equity, if she restores what she has received under the legacy, and others have not acted upon her election so as to be prejudiced by her dissent made thereafter. I Pom. on Eq. No. 515 (see page 978); Reaves v. Garrett's Adm'r., *supra*; Adams v. Adams, *supra*.' "

It appears to be generally held that, "Under statutes allowing a widow a stated time in which to dissent from her husband's will and requiring such dissent to be made in a particular manner, but not requiring a formal election to take under the will, it has been held that a voluntary election by a widow to take under her husband's will made within the period allowed by statute for dissenting therefrom may be retracted by her during such period, where it has not induced action on the part of others which would

make it inequitable to allow her to elect differently." See annotations 81 A.L.R. 745; Ward v. Ward, 134 Ill. 417, 25 N.E. 1012; Brown v. Brown, 22 Ky. Law Rep. 840, 58 S.W. 993; Williams v. Williams, 161 Ky. 170 S.W. 490; Bretz v. Matney, 60 Mo. 444; Register v. Hensley 70 Mo. 189; Richardson v. Justice, 125 N.C. 409, 34 S.E. 441; Yorkly v. Stinson, 97 N.C. 236, I S.E. 452.

The laws of Florida do not require a widow to make any election if she chooses to take under the terms of the husband's will. She may remain inactive and thereby at the expiration of the statutory period in which she is allowed to make an election, she will be bound to take under the will. Therefore, if she in any manner prior to the expiration of the statutory period for making an election, makes any agreement, or apparent election, to take under the will, such election will not be binding during the period in which she may make an adverse election, provided her action and conduct has not adversely affected the rights of others. It appears in this case that the widow made timely election to take dower and that her alleged election to take under the will was without consideration and has not affected the distribution of the estate.

Therefore, it follows that the decree of the chancellor was without error and should be affirmed.

It is so ordered.

Affirmed.

BROWN, C. J., WHITFIELD, and ADAMS, J. J., concur.