97 So.2d 156 (1957)
CAROLINA LUMBER COMPANY, a corporation, Appellant,
v.
William W. DANIEL and Rosiland Daniel, his wife, Appellees.
No. A-4.
District Court of Appeal of Florida, First District.
September 26, 1957.
*157 Latham & Mizell, Jacksonville, for appellant.
Cleveland & Goodfriend, Jacksonville, for appellees.
WIGGINTON, Judge.
This is an appeal from a final decree entered by the Circuit Court of Duval County dismissing a complaint seeking to foreclose an alleged materialman's lien against property of appellees. The appellant, as plaintiff in the trial court, grounded its claim for relief on the contention that it sold and delivered certain materials to a contractor who was acting as agent for the appellee owners. There is no question but that the materials so delivered were incorporated in the home owned by the appellees, the cost of which was never paid to appellant. The appellees defended the action on the ground that they had a firm lump sum contract with the contractor to remodel and make certain repairs to their home. It was their position that the contractor was not acting as their agent in the purchase of the materials from appellant, but that such materials were sold to the contractor on his own credit and for his individual account. The single issue presented was whether the contractor was the agent of the owners, or was he an independent contractor for whose debts the owners were not liable.
The case was referred to a special master for the taking of testimony and filing of a report containing his findings and conclusions. After considering the evidence and testimony submitted by the respective parties, the master concluded as a matter of law that the contractor was not the agent or employee of appellees, and that all payments made by appellees to the contractor were proper payments under the Mechanics' Lien Law, F.S.A. § 84.01 et seq. He further *158 found that the contractor had received from the appellees all sums to which he was entitled under his contract, and that appellant never acquired a lien against the property of appellees. Based upon these findings the master recommended that the complaint be dismissed. On final hearing the Chancellor overruled exceptions filed by appellants to the Master's report, and entered a decree confirming the report and dismissing the complaint.
We have examined the record and briefs filed in this cause and heard the oral arguments of counsel for the respective parties. It is apparent that the master based his findings and conclusions upon conflicting evidence. Appellant points to certain testimony introduced at the hearing and to certain findings of fact made by the master in his report, and asks this Court to accept such evidence and findings as conclusive proof that the relationship of agency existed between the contractor and the owners. This evidence and findings standing alone would perhaps justify such a conclusion. A review of the entire record, however, clearly reveals other evidence which the master accepted and on which he based other findings of fact which negative the conclusion that the relationship of agency existed between the parties in question. It was upon the latter evidence and findings that the master correctly concluded as a matter of law that the contractor was not the agent of the owners, and as a result, no materialman's lien was acquired by appellant.
The findings of the master based upon conflicting evidence will not be disturbed unless clearly shown to be erroneous.[1] The Chancellor, acting in the exercise of the discretion properly vested in him, was justified in confirming the mascordance with the master's recommendater's report and entering the decree in actions.
When the error assigned questions the sufficiency of the evidence to support the judgment or decree appealed from, the test is whether or not it can be said, after a careful review of the record in a light most favorable to the prevailing party, there is substantial evidence supporting the findings and conclusions upon which the decree or judgment is based. If the record reveals the existence of such evidence, it must be held that the disputed issues of fact were properly resolved and the judgment or decree of the trial court will be affirmed.[2]
Appellate courts are not constituted for the purpose of relitigating issues of fact already decided by the trial court. It is not the province of an appellate court to revaluate conflicting evidence introduced at the trial or to say what it would have done had it been sitting as a trier of the facts. This is the exclusive function of the trial court. In such cases it is the duty of an appellate court to determine whether the trial judge or chancellor made any ruling or conducted the proceedings in a manner contrary to established principles of law to the prejudice of the appellant.[3] Unless error can be clearly demonstrated, the judgment of the trial court will not be disturbed on appeal.[4]
No error having been made to appear, it is the judgment of this court that the decree appealed from dismissing the complaint be and it is hereby affirmed.
STURGIS, C.J., and TAYLOR, A.J., concur.
NOTES
[1] Harmon v. Harmon, Fla. 1949, 40 So.2d 209.
[2] E.g., Eldridge v. Eldridge, 153 Fla. 873, 16 So.2d 163; Meola v. Sparks, 138 Fla. 364, 189 So. 408.
[3] E.g., Povia v. Melvin, Fla., 66 So.2d 494; Exchange Nat. Bank of Winter Haven v. Smith, 148 Fla. 473, 4 So.2d 675.
[4] Loew v. Friedman, Fla. 1955, 80 So.2d 672.