SMITH, Chief Judge.
These consolidated appeals are from a final judgment awarding dower, approving the final report of the administratrix and directing distribution of the estate of the deceased, Earl B. Rogers, who died testate on December 28, 1957 while a resident of Fort Lauderdale.
The designated executors declined to serve and the widow, the appellee here, was appointed curator. On January 29, 1958 she filed a petition for probate. The will was admitted to probate and letters of administration c. t. a. were issued to the widow, who published notice to creditors commencing April 18, 1958.
The appellants are two beneficiaries named in the will. There was much legal sparring among the parties regarding the administration of the estate prior to the issuance of the orders here appealed; During one phase the widow filed a petition to revoke the probate of the will. This maneuver created even more motion and counter-motion chaos between the litigants. Ultimately the widow filed a dismissal of her petition to revoke probate. In March, 1962 the court ordered the administratrix to file her final report and on April 12, 1962 a final judgment was entered dismissing her petition to revoke probate.
The subsequent move by the widow made on June 8,1963, and the one which triggered the appeal in our Case 4155, was the filing at that point of her election to take dower. The court found that the election was timely filed. Our Case 4156 arose out of the judgment of the court ordering distribution of the assets of the estate in conformance with the above order awarding dower, with the remainder to the beneficiaries named in the will. These two appeals are here consolidated.
The first question for decision on appeal is whether or not the widow’s election to take dower was timely filed. We find that the widow’s right to elect dower was controlled by the requirements of the dower statute as it existed at the time of the husband’s death in 1957 and consequently that the election of the widow to take dower in 1963 was not timely filed. On this point we reverse.
The pertinent sections of the dower statute, F.S. 731.35, F.S.A., which was in existence at the time of the husband’s death and at the time notice to creditors was filed provided :
“(1) In order to take dower, a widow must so elect by an instrument in writ *430 ing, signed by her and acknowledged or sworn to by her before any officer authorized to take acknowledgments or to administer oaths, and filed, within nine months after the first publication of the notice to creditors, in the office of the county judge in whose court the estate of the deceased husband is being administered. The county judge shall record all elections to take dower.”
(2) (Not applicable to this appeal.)
“(3) Any dower interest a widow may have in any realty shall be barred unless, within nine months after the first publication of notice to creditors or three years after the death of her husband, whichever first occurs, such widow files and records in the office of the circuit court for the county in which such realty is located, an instrument in writing, signed by her and acknowledged or sworn to by her before an officer authorized to take acknowledgments, evidencing her claim of dower right in such realty and properly describing such realty, provided that no such claim shall be barred under this law if such written instrument is filed prior to June 1, 1958.”
In 1959 the above statute was amended and it is upon this amendment that the widow relies. In this amendment, subsection (3) above was repealed, subsection (2) was made subsection (3), and the following subsection (2) was added. The act became effective May 25, 1959 and amended 731.35, Fla.Stats., 1957, F.S.A. to read:
(1) (Same as subsection 1 above.)
“(2) Should the county judge extend the time in which creditors may file their claims, or should litigation occur involving the admission of the will to probate, or its validity or the construction thereof, or should any claim filed be contested, a widow shall have sixty days from the date to which such' extension for filing claims is extended or from the date of a final judgment determining any litigation or contested claim or from the time allowed to the personal representative for filing his objection to any claim, in which to elect to take dower.”
(3) (Not applicable to this appeal.)
Under the facts of this case and the statutes involved, two questions of law arise: (1) Was the widow’s right to elect dower terminated on January 18,1959 under the law which existed at the time of the husband’s death, or (2) Did the subsequent legislation which became effective May 25, 1959 give the widow the right to elect dower within 60 days after the order terminating her self-instituted litigation? The first we answer affirmatively, the second in the negative.
In Bibb v. Bickford, Fla.App.1963, 149 So.2d 592, the Court dealt with a problem similar to the one here. In that case a deceased widow’s son attempted derivatively to claim her right to dower. The Court upheld the dimissal of the son’s complaint for failure to state a cause of action. The Court ruled that the dower statute as it existed at the time of the death of the husband was controlling and at that time a widow’s right to take dower was a personal one which was extinguished at her death. Edwards v. Edwards, Fla.1958, 106 So.2d 558. The Court took notice that subsequent to the date of the husband’s death the statute was amended to allow certain derivative rights in the widow’s right of election, but based its decision on the absence of any such rights under the law existing at the date of the death of the husband.
In the present case, under the dower statute as it existed at the date of the death of Mr. Rogers, the widow’s right to elect dower terminated January 18, 1959, i. e., nine months after the first publication of notice to creditors.
 A widow’s failure to comply with the terms of the statute creating her right of dower bars her right and she cannot thereafter assert that right. In re Aron’s *431 Estate, Fla.App.1960, 118 So.2d 546; Exchange National Bank of Winter Haven v. Smith, Fla.1941, 148 Fla. 473, 4 So.2d 675; Serkissian v, Newman, Fla.1923, 85 Fla. 388, 96 So. 378; Williams v. Williams, 1934, 114 Fla. 733, 154 So. 835. In Florida the right to dower and the manner of taking it spring wholly from the statutes. Hill v. Morris, Fla.1955, 85 So.2d 847. The law in force at the death of the husband is the measure of the widow’s right to dower. Cooley’s Constitutional Limitations, 6th Ed., p. 441.
Upon the widow’s failure to elect dower under the law at the time of the husband’s death, the right to receive the property according to the terms of the will, unencumbered by the widow’s right to elect dower, vested in the beneficiaries named in the will. The provisions of the 1959 act did not revive the widow’s right to elect dower. Any such application of the subsequent law would render it unconstitutional. By this we do not declare the 1959 act unconstitutional since it does not by its terms -endeavor to give its provisions retrospective effect and in so applying this act the lower court erred.
We reject the widow’s contention that the 1959 act merely restored to her a Temedy lost by her failure to act and thus should be retroactively applied since it neither changed the quantity of nor the right to dower. The decisions the widow cites in support of this proposition, including the leading case of Campbell v. Hope, 115 U.S. 620, 29 L.Ed. 483, involve statutes of limitation which are merely a bar of a remedy. In such situations the right continues to exist even though the person having it loses his remedy by failing to act within the time prescribed by law. There, even if the time limit in which the remedy may be exercised is extended or removed, the right itself remains unchanged. Our finding that both the rights of the widow and those of beneficiaries were controlled by the law at the time of the death of the husband, and that the widow’s right to elect dower thereunder was terminated on and no longer existed after January 18, 1959 makes this contention untenable. The widow did not gain a remedy — she had lost a right. This right cannot be subsequently restored by legislation which would impair the vested rights of the beneficiaries under the will. Section 731.21, Fla.Stats., F.S.A., makes the death of the testator the event which vests the right to legacies or devises.
Our holding that the 1959 act is not applicable to the case at bar makes it unnecessary for us to consider the appellant’s further argument that even if it did apply in retrospect the widow, under the facts of this case, would either have waived her right to claim dower thereunder or was estopped to do so.
We reject the beneficiaries’ contention that the widow-administratrix and her attorney should be denied fees because of a lack of exercise of good faith. The complete record of all the facts and circumstances surrounding the protracted delays in the administration of this estate is not before this court. We also cannot determine from the record whether or not any of the fees allowed included amounts in connection with services in attacking the will or in the widow’s election to take dower. Thus, the factual basis for these points on appeal is absent. We do not construe the language of the court’s order permitting the administratrix to defer distribution until the appeal is resolved as being in any way coercive against the beneficiaries’ right of appeal, nor do we find an abuse of discretion in the allowance of fees to the administratrix and her attorney.
The judgment awarding dower and that part of the order directing distribution based upon the award of dower is reversed. The order approving the final report of the administratrix is affirmed.
ALLEN, J., and HENSLEY, ROBERT E., Associate Judge, concur.