**J. M. UNDERWOOD and Harry B. Brown, Executors of the Estate of Robert Boone Scott, Deceased,**

v.

**UNITED STATES of America,**

**Civ. A. No. 5800.**

United States District Court
E. D. Tennessee, N. D.

May 10, 1967.

Supplemental Opinion June 13, 1967.

Ambrose, Wilson, Thomas, & Lockridge, Knoxville, Tenn., Joyce, Anderson & Wood, Oak Ridge, Tenn., for plaintiffs.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., Benjamin Douglas, Atty., Tax Div., Dept. of Justice, Washington, D. C., G. Wilson Horde, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action for refund of estate taxes paid by the Executors of the Estate of Dr. Robert Boone Scott, who died on October 15, 1962. Jurisdiction is based on Title 28 U.S.C. § 1346(a) (1).

Dr. Scott was a physician who lived and operated a hospital in Lake City, Tennessee and who died leaving a holographic will, the pertinent parts of which are as follows:

"(2) All of my real-estate in Campbell County, Tennessee I will to my only daughter Gwendolyn Boone Scott and she can not sell this real estate until she is 35 (Thirty Five) years of age. If she has a living son or daughter or sons and daughters she can not sell this real estate at all and this property will become the property of her children and my grand-children to be divided amongst them when the youngest one attains the age of Twenty One years.

"(3) All of my real estate in Anderson County shall be set up in a Trust fund for support of my wife and child. My wife can reside at either home, the one in Lake City, Tenn. or Elk Valley, Tennessee as long as she remains my widow.

"(4) All cash, personal effects, bonds, notes, and all sources of cash, insurance, shall be set up in a Trust Fund. My wife shall receive $200.00 Two Hundred dollars a month as long as she remains my widow. This shall stop if she remarries. This may be increased to $400.00 a month if hospitalized for a period of time if required for expense. Gwendolyn Boone Scott shall receive $100.00 a month until she is twenty one years old or marries, then it shall be discontinued.

"(5) Twenty Five Thousand dollars shall be given to the University of Tennessee Medical School to set up a permanent loan fund for Junior and Senior students who are in need of help and working for their M. D. degree. Students from Campbell County shall have preference and secondly Anderson County and thirdly —East Tennessee. This loan fund shall be called the Dr. Boone Scott Memorial Fund and all loans shall be secured by insurance, etc., to establish a Permanent Loan Fund.

"(6) All insurance policies now in force on my wife or daughter shall be paid out of the Trust fund as the premiums become due annually.

"(7) After the death of my wife, * * *, and my daughter is still

living, she shall receive $100.00 a month. When my daughter becomes 50 years old, the entire estate shall be settled and all of the funds left shall go to her provided my widowed wife is deceased, but not before.

"(8) On Oct. 14, 1997, if my daughter is deceased, and my wife, who is my widow is deceased, then the remainder of my entire estate shall go to the Dr. Boone Scott Memorial Fund of the Univ. of Tenn. Medical School.

"(9) To execute this will I will appoint J. M. Underwood, Atty., Clinton, Tenn. H. B. Brown (Britain) Atty, Jellico, Tenn. and First National Bank, Lake City, Tennessee. Fees for same shall not exceed 5% as funds are dispersed. (Five per-cent)."

Mrs. Naomi Scott predeceased her husband by about six weeks and they were survived by one daughter, fifteen years of age. Dr. Scott left an estate of approximately $678.525.87.

The will was dated November 30, 1957 and admitted to probate in Anderson County on November 1, 1962. J. M. Underwood, Harry B. Brown and the First National Bank of Lake City were named as Executors, but the Bank disclaimed while Underwood and Brown qualified upon the condition that their compensation as Executors be fixed as reasonable, and that they not be bound by the 5% limitation provided for in the will.

The Executors instituted a suit in the Chancery Court for Anderson County asking the Court to construe a number of ambiguous paragraphs contained in the will.

Walter E. Fischer represented the Executors in the Chancery Court proceeding and Eugene L. Joyce served as guardian ad litem of Gwendolyn Boone Scott, testator's daughter. W. L. Ambrose, Jr. became attorney for the guardian ad litem at a later stage of the proceedings. Floyd Bowers served as guardian ad litem of the unborn heirs of Gwendolyn Boone Scott and Union-Peoples Bank, Clinton, Tennessee, served

as guardian of the property and estate of Gwendolyn Boone Scott.

In a separate proceeding in the same Chancery Court, the Executors sought and obtained approval and confirmation of the sale of certain land listed in Item (3) of the will owned by the decedent and located in Anderson County, Tennessee. The Executors also sought and obtained permission to sell land located in Campbell County, Tennessee that was owned by the decedent.

A decree was entered in Cause No. 7596 on June 26, 1964, which provided that a case had been made for construction of the decedent's will. Relevant portions of that decree are set forth below:

"(a) The court determined that by Item 2 of the will, the decedent intended to create a trust. It ordered the proceeds from the sale of the Campbell County land, after deduction of certain expenses, to be paid to the Union-Peoples Bank, Clinton, Tennessee, as trustee of this trust, designated as Trust No. 1. The decree provided, in close conformity with the will, that income from the trust should be paid to the decedent's daughter to age 35, and distribution of corpus to her at that time if she is childless. If she should have children or descendants of children at age 35, however, income from the trust should be paid to her for life, corpus to her children per stirpes when her youngest surviving child reaches 21.

"(b) The court determined that by Items 3, 4, and 7 of the will the decedent intended to create a trust of all the Anderson County real estate (or its proceeds) and all his personalty. The Union-Peoples Bank was appointed trustee of this trust as well, designated as Trust No. 2. In close conformity with the decedent's will, the court directed that monthly payments from this trust be made to the minor daughter until she reaches age 50, on October 14, 1997, and corpus and undistributed income payable to her at that time.

"(c) The court placed a present valuation on the remainder interest of the University of Tennessee created by Item 8 of the will. The decree recites that the University desired such value to be presently vested in it, and further that the minor daughter, her guardian ad litem, and the guardian ad litem of her unborn heirs all expressed to the court their desire that the present value be determined. The court fixed that present value at $50,000, and ordered the payment of that amount to the University."

The evidence shows that there was at least a nine-to-one chance that the decedent's minor daughter would survive to age fifty.

The provision of the Chancery Court decree in Cause No. 7596 which placed a valuation on the remainder interest of the University of Tennessee (as created in Item 8 of the decedent's will) was merely court ratification of a settlement previously negotiated between various parties to the suit.

For their services in the Chancery Court proceedings, the attorneys heretofore mentioned received the following fees:

| | |
|---|---|
| Walter E. Fischer | $17,225.00 |
| Eugene L. Joyce | 5,375.00 |
| W. L. Ambrose | 5,000.00 |
| Floyd Bowers | 1,500.00 |

The County Court entered its order and decree approving the semifinal settlement and account of the Executors on May 14, 1965. In that order, the Executors were allowed a fee of $54,282.07, which, as the order recites, represented 8% of the decedent's gross estate. The order further recites that the fee allowed was based on a minimum fee schedule adopted by the Anderson County Bar Association.

The Executors filed an estate tax return on January 31, 1964 reporting a gross estate of $673,402.52. The total deductions claimed on the return for administrative expenses totaled $89,132.08. On Schedule J of the estate tax return, the Executors claimed a deduction for certain expenses aggregating $2,826.32. These expenses were disallowed by the Government upon the theory that they were incurred in connection with the Campbell County land which was willed to the decedent's daughter under Item (2) of the will.

The Government disallowed the $50,000.00 item paid to the University of Tennessee upon the theory that the chances of the daughter living to age fifty were not so remote as to be negligible.

About the time the plaintiffs filed their initial claim for refund, the Government made certain adjustments to the estate tax return as filed by the Executors. Those adjustments produced a deficiency in estate tax of $10,244.64, which plaintiffs paid, plus interest.

On February 23, 1966, plaintiffs filed a second claim for refund contesting certain of the adjustments which produced the deficiency.

The Government allowed the estate a deduction for attorneys' fees of $20,653.30.

The questions presented are:

(1) Whether the estate is entitled to a charitable deduction of $50,000.00 where the bequest would have become effective only if decedent's daughter did not survive to age fifty? This is the primary question and the one, as stated by counsel in the pre-trial, that caused the present lawsuit.

(2) Whether the estate is limited to deduction for Executors' commission of 5% of decedent's probate estate as provided in decedent's will?

(3) Whether certain expenses aggregating $2,826.32 listed under Schedule J of the estate return are deductible?

(4) Whether attorneys' fees paid by the estate are deductible in full?

Section 2055 of the Internal Revenue Code of 1954 allows deductions for bequests to charitable organizations.[1]

Treasury Regulation on estate tax issued under the 1954 Internal Revenue Code, Section 20.2055–2 provides:

"SEC. 20.2055–2 *Transfers not exclusively for charitable purposes.*

\* \* \* \* \* \*

"(b) *Transfers subject to a condition or a power.* If, as of the date of a decedent's death, a transfer for charitable purposes is dependent upon the performance of some act or the happening of a precedent event in order that it might become effective, no deduction is allowable unless the possibility that the charitable transfer will not become effective is so remote as to be negligible. \* \* \* "

Item (8) of decedent's will provides that if decedent's daughter is deceased on October 14, 1997 (the daughter would have become fifty years of age on that date) and his wife was deceased on that date, and, by inference, that the daughter had no children, then the remainder of decedent's estate was to go to the Dr. Boone Scott Memorial Fund of the University of Tennessee Medical School.

■ The general rule is that an estate tax is determined as of the date of the death of the testator and bequests must be definite in ascertainment, and not subject to uncertain contingencies. City National Bank & Trust Co. of Columbus v. United States, 312 F.2d 118, 119 (C.A.6); United States v. Dean, 224 F.2d 26 (C.A.1).

In the last mentioned case, there was only one chance out of eleven that the charity would not receive the bequest, but even this was held to be insufficient to render so remote as to be negligible the possibility that the charity would not take.

■ Plaintiffs contend that the Chancery Court in its interpretation of the will made the bequests to the University of Tennessee certain. Ordinarily, events that occur subsequent to the decedent's death which renders the charity's interest certain cannot create a charitable deduction where none was allowable by the terms of the will as of the date of testator's death. Robbins v. Commissioner of Internal Revenue, 1 Cir., 111 F.2d 828; First Trust Co. of St. Paul State Bank v. Reynolds, 8 Cir., 137 F.2d 518; Graff v. Smith, D.C., 100 F.Supp. 42; Wood v. United States, D.C., 20 F.Supp. 197; Marine National Bank of Erie v. Commissioner of Internal Revenue, 3 Cir., 168 F.2d 400; Bach v. McGinnes, 3 Cir., 333 F.2d 979.

■ The residual bequest to the University of Tennessee depended upon an event that was not certain, namely, the decease of the daughter before October 14, 1997 without children. As previously indicated, the chances were that she would be living on that date and the chances of the University of Tennessee taking the property were not too remote as to be negligible. The Court concludes that this item is not deductible.

---

1. "SEC. 2055. TRANSFERS FOR PUBLIC, CHARITABLE AND RELIGIOUS USES.

"(a) *In General.*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers (including the interest which falls into any such bequest, legacy, devise, or transfer as a result of an irrevocable disclaimer of a bequest, legacy, devise, transfer, or power, if the disclaimer is made before the date prescribed for the filing of the estate tax return)—

\* \* \* \* \*

"(2) to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation;"

There were fifty-two items of expenses paid out by the Executors amounting to $2,926.32 which were disallowed by the Government under Section 20.2053–3 of the Regulations.[2]

■ The Government contends that these expenditures were made in connection with the Campbell County land devised to decedent's daughter. It is contended that the payment of these expenses inured to the benefit of the daughter rather than to the estate and although they are proper deductions for the daughter, they were not proper for the estate. The evidence shows that these expenses, either in whole or in part, were incurred to preserve personal property of the estate, including livestock, equipment, household furniture and growing crops not devised under Item (2) of the will. Moreover, an interpretation of the will by the Chancery Court was necessary in order to determine the nature of the estate devised to the daughter. These expenses are, therefore, allowable deductions.

■ Another item in dispute is the $28,725.00 attorneys' fees, only $20,-653.30 of which was allowed the estate as a deduction. The evidence shows that these fees were allowed by Chancellor Shumate after a hearing. Presumably evidence was introduced or statements of counsel were treated as evidence by the Court supporting the reasonableness of the fees.

The proof in the case under consideration showed that the attorneys did a considerable amount of work. The work of the guardian ad litem was more than that in the ordinary case because of the difficulties with the ward which grew out of her immaturity, and for the most part, from the circumstances under which her father and mother died. The proof showed that she was left alone in the world except for one aunt who lived in Knoxville. The work of the attorneys was performed over a period of about two years. The Chancellor found that the fees were reasonable.

This Court is of the opinion and finds that all of the attorneys' fees and guardian ad litem fees allowed by the Chancellor were proper.

The remaining item in dispute is the 8% commission allowed to the Executors. Section 2053 of the 1954 Internal Revenue Code allows administrative expenses which are allowable by the laws of the jurisdiction under which the estate is administered.[3]

2. "SEC. 2053–3 *Deduction for expenses of administering estate.*

"(a) *In general.* The amounts deductible from a decedent's gross estate as "administration expenses" of the first category (see paragraphs (a) and (c) of sec. 20.2053–1) are limited to such expenses as are actually and necessarily incurred in the administration of the decedent's estate; that is, in the collection of assets, payment of debts, and distribution of property to the persons entitled to it. The expenses contemplated in the law are such only as attend the settlement of an estate and the transfer of the property of the estate to individual beneficiaries or to a trustee, whether the trustee is the executor or some other person. Expenditures not essential to the proper settlement of the estate, but incurred for the individual benefit of the heirs, legatees, or devisees, may not be taken as deductions. Administration expenses include (1) executor's commissions; (2) attorney's fees; and (3) miscellaneous expenses. Each of these classes is considered separately in paragraphs (b) through (d) of this section."

3. "SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES.

"(a) *General Rule.*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

(1) for funeral expenses,

(2) for administration expenses,

(3) for claims against the estate, and

(4) for unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate,

as are allowable by the laws of the jurisdiction whether within or without the United States, under which the estate is being administered."

The will provided that the fees of the Executors should not exceed 5% as funds are dispensed. The Executors, before accepting their appointment, appeared before the County Court of Anderson County and announced their unwillingness to serve at the compensation fixed by the will. The County Court ruled that they were entitled to serve at a reasonable fee. The County Court fixed their fee at 8%.

The only Tennessee case cited by the parties in their briefs that deals with this question is that of Hoffman v. Jones, 7 Tenn.Civ.App. 392. The will in that case provided for 2% commission for services of the executor. The court held that the executor having accepted the trust was bound by its terms. The court observed that he could have declined acting as executor and the court would have appointed someone as administrator with the will annexed. There are annotations in 34 A.L.R. 918 and 161 A.L.R. 870 dealing with the subject.

The annotator concluded that by the great weight of authority if a will provides for a sum less than the statutory compensation to be paid to the executor, the executor has a choice of refusing the appointment or accepting it on terms fixed by the testator and if he accepts is entitled to no greater compensation than the will allows. See 21 Am.Jur. § 537, p. 677.

As previously pointed out, the Executors refused to serve for the 5% commission provided for in the will. One of the three Executors refused to accept on any terms. The County Court, through its County Judge by order, decreed that the Executors could collect reasonable fees for their services. Eight per cent of the gross amount of the estate was determined by that Court to be reasonable. If the Executors had refused to serve, the County Court would have appointed an administrator to serve under the will, who would not have been bound by the 5% limitation fixed by the will. He would have been entitled to a reasonable fee as fixed by the Court. We were advised by counsel for the Government

during the argument that there are two cases now pending before the Supreme Court of the United States dealing with this subject and for this reason a final decision on this question will await the decision of the United States Supreme Court, unless the parties in the meantime can agree on a disposition of the matter.

The contract fee of 25% of any recovery in this case, plus $353.60 out-of-pocket expenses, entered into by Ambrose, Wilson, Thomas and Lockridge with the Executors, is approved as an estate tax deduction.

The parties will present an order in conformity with the views here expressed.

## SUPPLEMENTAL MEMORANDUM

The question of whether the judgment of the County Court of Anderson County fixing the compensation of the Trustees at 8% when the will of the Testator provided that the fee should not exceed 5% was binding on this Court when a Federal statute was involved was held in abeyance pending the decision of the Supreme Court in the cases of Commissioner of Internal Revenue v. Estate of Bosch and Second National Bank of New Haven v. United States, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886.

These cases were decided on June 5, 1967 in which it was held that the decision of the state trial court on a question involving state law is not controlling when the application of a Federal statute is involved and that where there is no decision by the highest court of the state on the matter, the Federal Court is free to make its own interpretation of state law although decisions of other courts of the state may be persuasive.

The only case that has been cited to us and which we have been able to find by independent investigation is that of Hoffman v. Jones, 7 Tenn.Civ. App. 392. The Court held in that case that the directions of the testator with respect to compensation of the trustees would control. This appears to be the majority rule. Although it seems harsh

for the beneficiary of the estate—a minor—to be required to pay 8% commission as fixed by the court and to disallow 3% of that amount for Federal estate tax purposes because of the direction of her father in his will, this Court is of the opinion that the rule in Tennessee forbids a court from allowing compensation to trustees in excess of the amount fixed in the will under the circumstances in the present case, and that it is bound by that rule.

An order will be prepared in conformity with the view here expressed.