BERANEK, Judge.
Plaintiff appeals a final judgment which denied his claim for a broker’s commission in a real estate transaction. We affirm. Plaintiff was a real estate broker and defendant was the prospective purchaser of the property. The defendant signed a Deposit Receipt Contract for the purchase of certain property. The contract provided for payment of the broker’s fee by the seller if the sale was completed. The last sentence of the brokerage provision stated, “In the event the purchaser defaults, purchaser agrees to pay broker the aforesaid fee, together with all attorneys’ fees and all costs in collecting same.” The “aforesaid fee” was recited in the same paragraph to be four and one-half per cent of the purchase price of $89,000.
The broker testified that he specifically read this brokerage provision to purchaser and that they discussed it. Purchaser denied that broker told her about the provision. Purchaser said she had been a legal secretary for 24 years and knew that generally such Deposit Receipt Contracts did not contain such a brokerage provision and that she therefore did not bother to read the provision.
The contract was signed by the sellers, the broker, and the purchaser on the same evening. At 7:00 a. m. the next morning the purchaser changed her mind and decided she wanted to withdraw from the contract. She immediately advised the broker that she had changed her mind and stopped payment on her deposit check which pursuant to another contractual provision would have been split between sellers and broker as liquidated damages.
The broker filed a complaint for recovery of his commission under the aforementioned brokerage provision. The complaint was based on the theory of a direct contractual relationship. The purchaser denied the existence of the contract between herself and the broker.
Purchaser raised numerous affirmative defenses but it appears the trial centered on the question of whether or not broker materially misrepresented the facts to purchaser when the contract was signed. The trial court found against the broker and simply denied any relief without stating facts or legal conclusions. The evidence was conflicting on all issues and we therefore assume the trial court chose to believe those facts supporting purchaser’s theory of the case. Carolina Lumber Co. v. Daniel, 97 So.2d 156 (Fla. 1st DCA 1957).
The broker had an agreement with the sellers of the real estate that he would receive a three per cent commission on the sale of the property. This was specifically stated in a separate written agreement between broker and sellers signed the same night that purchaser signed the contract. The broker included the figure of four and one-half per cent as his commission in the contract which he, the sellers, and the purchaser signed. Both broker and purchaser agreed that a conversation occurred in which broker specifically told purchaser that he had an agreement to a four and one-half per cent commission with the sellers. Sellers testified they noticed the four and one-half per cent figure in the unsigned contract and that they complained to broker about it and had it changed to three per cent in a separate document which reflected their prior agreement with broker.
The trial court thus apparently found the broker intentionally misrepresented this material fact to the purchaser. As the contract finally turned out, it would have been in the broker’s interest for the purchaser to default rather than to have the sale consummated. If the sale went through, broker would have received a three per cent commission; whereas, if buyer defaulted, the broker would have re *937 ceived a four and one-half per cent commission. This was a material misrepresentation and ample authority exists for the general proposition that concealment of known material facts will forfeit the broker’s right to a commission. See 7 Fla.Jur.2d, Brokers, Section 65; and 12 Am.Jur.2d, Brokers, Section 108.
Under these circumstances, we conclude error has not been shown in the trial court’s denial of enforcement of the four and one-half per cent broker’s commission against the defaulting purchaser. It should be noted that this controversy is not between the sellers and the purchaser. Apparently the sellers have never chosen to enforce what may well be a valid contract right against the defaulting purchaser. This decision goes only to the agreement regarding the commission between the broker and purchaser. The final judgment appealed from is hereby affirmed.
AFFIRMED.
LETTS, J., and SCHWARTZ, ALAN R., Associate Judge, concur.